■ DONALD DUNAJEWSKI, Respondent, v BELLMORE-MERRICK CENTRAL HIGH SCHOOL DISTRICT et al., Appellants.—In an action to recover damages for libel, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Balletta, J.), dated April 7, 1987, as denied those branches of their motion which sought summary judgment dismissing the plaintiff's second, third and fourth causes of action.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the motion is granted in its entirety.

The plaintiff is the step-grandfather of a 14-year-old girl that he allegedly sexually abused. These allegations of sexual abuse were brought to the attention of the defendant Caso, a social worker employed by the defendant school district who worked in the school attended by the allegedly abused child.

Pursuant to Social Services Law §§ 413 and 415, the defendant Caso telephoned the Child Protective Central Service Registry in Albany and filed a written report with the Nassau County Department of Child Protective Services, informing these agencies of the allegations of abuse. Additionally, the defendant Caso forwarded her file on the subject student to the school's internal Committee on the Handicapped which had become involved in the student's case due to prior behavioral and academic problems. Ultimately, the Department of Social Services determined the allegations of sexual abuse to be unfounded and no action was taken to protect the child as none was deemed necessary. Thereafter, the plaintiff commenced the instant action seeking to recover damages for the publications of allegedly libelous material in the report.

The plaintiff's complaint sets forth four causes of action. The first sought damages for the publication of the report to the Nassau County Department of Child Protective Services. The second, third and fourth causes of action sought recovery for the four subsequent alleged republications of the report to the school's Committee on the Handicapped. In response, the defendants asserted, *inter alia,* the affirmative defense of privilege.

The defendants moved for summary judgment dismissing the complaint. The court granted that branch of the motion which sought summary judgment dismissing the plaintiff's first cause of action, finding the publication of the report to the appropriate child protective authorities to be absolutely privileged, thereby immunizing all the defendants from civil liability with respect to that publication *(see,* Social Services Law §§ 413, 415, 419). The court, however, denied those branches of the defendants' motion which sought summary judgment dismissing the remaining causes of action, finding that the report should not have been circulated to the Committee on the Handicapped as it was not an authorized recipient pursuant to Social Services Law § 424-a and 18 NYCRR 432.7. Accordingly, any qualified privilege which might otherwise attach was destroyed by delivery of the alleged defamatory material to an unauthorized recipient. This determination, however, was in error.

A qualified privilege serves to negate any presumption of implied malice or ill will flowing from a defamatory statement. Therefore, the plaintiff bears the burden of proving that the statement was indeed motivated by malice *(see, Toker v Pollak,* 44 NY2d 211, 219). Such a privilege may attach to a bona fide communication upon any subject matter in which

the communicating party has an interest or in reference to which he has a duty although the information might otherwise be defamatory *(see, Stukuls v State of New York,* 42 NY2d 272, 278-279; *Byam v Collins,* 111 NY 143, 150). However, for the privilege to attach, the recipient of the communication must have a corresponding interest or duty *(see, Kaplan v MacNamara,* 116 AD2d 626, *lv denied* 68 NY2d 607). Contrary to the opinion of the Supreme Court, the defendant school district and its Committee on the Handicapped have the requisite corresponding interest or duty. Education Law § 4402 (3) (a) imposes upon such committees the duties, *inter alia,* of reviewing all relevant information, pertinent to each handicapped child and, further, paragraph (b) directs the committee to make recommendations as to appropriate educational programs best suited to help the handicapped child. The plaintiff's step-granddaughter was such a handicapped child and clearly the allegations of sexual abuse constituted relevant information pertinent to her and necessary for the Committee's informed recommendation of a suitable program. Thus, the information, although otherwise defamatory, was qualifiedly privileged in the hands of this authorized recipient *(cf., Schwartzberg v Mongiardo,* 113 AD2d 172, 175, *lv denied* 68 NY2d 602).

Clearly, the defendant Caso had a moral and social duty to disclose this information to the Committee on the Handicapped *(see, Kilcoin v Wolansky,* 75 AD2d 1, 6, *affd* 52 NY2d 995). Given the complete absence of any proof of malice or ill will on the part of any of the defendants, a qualified privilege attached thereby immunizing these defendants from civil liability and accordingly their motion for summary judgment should have been granted in toto *(see, Shapiro v Health Ins. Plan,* 7 NY2d 56; *Green v Kinsella,* 36 AD2d 677). Certainly the communication of this type of information, seeking to protect the health and safety of a child, is socially advantageous and should be encouraged. When such information, although ultimately proven false, is, in good faith, placed in the hands of an authorized recipient a qualified privilege must attach *(see generally,* Prosser and Keeton, Torts § 115 [5th ed]). Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.