■ ISABELLE V., an Infant, by Her Mother and Natural Guardian, NEYES V., et al., Respondents, v CITY OF NEW YORK et al., Defendants, and COLUMBIA PRESBYTERIAN MEDICAL CENTER, Appellant.—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered February 2, 1988, which denied defendant-appellant's motion to dismiss the complaint, unanimously reversed, on the law, the motion granted, and the complaint dismissed, without costs.

Plaintiffs-respondents seek compensatory and punitive damages arising out of the report by defendant-appellant, Columbia Presbyterian Medical Center, of suspected sexual abuse of respondents' infant children. On October 10, 1986, respondent Neyes V. brought her three-year-old daughter to Columbia Presbyterian for examination. The child had a sore throat and vaginal discharge. When the mother stated that her daughter's seven-year-old cousin who lived in the same household had a similar discharge, she was told to bring both children in for examination the next day. During the examination of the seven year old on October 11 the child seemed very frightened and a Spanish interpreter was summoned. Although the child's answers to questions about sexual abuse by someone in the household were negative, the interpreter believed that the child was not being truthful and that she was "afraid of something". A physical examination of the seven year old revealed that she, too, had a vaginal discharge. Throat and vaginal cultures were taken from both children and sent to a laboratory for testing for venereal disease.

Given the age of the children, the fact that both of them resided in the same household and presented similar symptoms, and the apparent fear of the older child, appellant's employees, pursuant to their obligations under Social Services Law § 413, reported the matter to the New York City Bureau of Child Welfare, which removed the children from their parents' custody. Respondents contend that laboratory tests available to appellant on October 11 were negative for any type of venereal disease. Despite this, and the vehement denials by the children's mothers that they had been sexually abused, appellant nevertheless made a report of suspected sexual abuse to city officials.

The evidence in the record, however, indicates that the initial test results available to appellant as of 4:30 A.M. on October 11 were ambiguous. It was not until October 13 that

the final results for both children ruled out the possibility of venereal disease. Given that medical professionals are required by law to make a report to Social Service officials "when they have reasonable cause to suspect that a child * * * is an abused or maltreated child" (Social Services Law § 413), we find that appellant's employees acted reasonably under the circumstances.

The Social Services Law does not require that conclusive proof of child abuse be obtained before a report to protective service officials must be made (see, Kempster v Child Protective Servs. of Dept. of Social Servs., 130 AD2d 623, 625 [2nd Dept 1987]). Persons who are required to make such reports are given statutory immunity from civil liability provided that they are acting within the scope of their employment and have not engaged in willful misconduct or gross negligence (Social Services Law § 419). Mandated reporters need not await conclusive evidence of abuse or maltreatment but must act on their reasonable suspicions and the law allows them a degree of latitude to err on the side of protecting children who may be suffering from abuse. The evidence herein indicates that appellant's employees acted reasonably under the circumstances and, therefore, it was error to deny the motion to dismiss the complaint as to appellant. Concur—Asch, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.