■ HOWARD M. BARUCH et al., Appellants, v KAREN K. BARUCH, Defendant, and BONNIE ASNES, Respondent. [638 NYS2d 56] —Order, Supreme Court, New York County (William Davis, J.), entered on or about February 2, 1995, which, *inter alia*, granted defendant Asnes's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant-respondent is a clinical social worker, certified in New York, who was contacted by co-defendant, plaintiff Howard Baruch's former wife, to analyze and render an opinion with respect to an alleged sleeping disorder and possible sexual abuse of the daughter of the parties to a then pending New Jersey divorce action. A qualified privilege attached to the reports prepared by the social worker, notwithstanding publication of the reports to the defendant's attorney in the divorce action, who had a corresponding interest in the matter (*see, Stukuls v State of New York*, 42 NY2d 272, 278-279; *Dunajewski v Bellmore-Merrick Cent. High School Dist.*, 138 AD2d 557). Plaintiffs have failed to raise a triable issue of fact as to the existence of either constitutional or common-law malice which would overcome the cloak of protection afforded to the qualifiedly privileged communications (*see, Liberman v Gelstein*, 80 NY2d 429, 437-439). Also lacking in the opposition to defendant's motion for summary judgment was any evidence tending to demonstrate that defendant breached any standard of professionalism or duty of care owed to plaintiffs in preparing or publishing the reports. Accordingly, plaintiffs' claims for malpractice and negligence also were properly dismissed (*see, Roth v Tuckman*, 162 AD2d 941, *lv denied* 76 NY2d 712). Concur—Murphy, P. J., Ross, Tom and Mazzarelli, JJ.