MARILYN S. et al., Respondents-Appellants, v INDEPENDENT GROUP HOME LIVING PROGRAM, INC., et al., Appellants-Respondents. [904 NYS2d 70]—

In an action, inter alia, to recover damages for defamation, intentional infliction of emotional distress, and assault, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated March 12, 2009, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging intentional infliction of emotional distress insofar as asserted against the defendants Alvin Dennis, Christopher Klingenburger, Frankie Pizzurro, Robert Roeper, and Tara Underwood, and assault insofar as asserted against the defendant Robert Roeper, and the plaintiffs cross-appeal from so much of the same order as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging defamation, assault insofar as asserted against the defendants Independent Group Home Living Program, Inc., Alvin Dennis, Frankie Pizzurro, and Tara Underwood, and negligent hiring and supervision.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging intentional infliction of emotional distress insofar as asserted against the defendants Alvin Dennis, Christopher Klingenburger, Frankie Pizzurro, Robert Roeper, and Tara Underwood and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging assault insofar as asserted against the defendant

Independent Group Home Living Program, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On November 28, 2006, the plaintiffs' mentally challenged adult son was eating dinner at the group home at which he resides, which was operated by the defendant Independent Group Home Living Program, Inc. (hereinafter IGHL), when he made allegations that the plaintiff Marilyn S. sexually abused him (*see Marilyn S. v Independent Group Home Living Program, Inc.,* 73 AD3d 892 [2010] [decided herewith]). The defendants Robert Roeper, Frankie Pizzurro, and Christopher Klingenburger, who were employed by IGHL, were present and individually reported the incident to their supervisor. Roeper, Pizzurro, and Klingenburger also made statements documenting what occurred at dinner and what was said by the plaintiffs' son. IGHL reported the alleged sexual abuse to the Suffolk County Police Department, the Commission on Quality of Care and Advocacy (hereinafter the Commission), and the Long Island Developmental Disability Services Office (hereinafter the Services Office). An investigation performed by the Commission determined that the allegations were inconclusive, even though an investigator from the Services Office determined that there was a high level of credibility to the statements made by the plaintiffs' son, "with conditions."

Thereafter, the plaintiffs commenced this action, inter alia, to recover damages for defamation and intentional infliction of emotional distress based on the reporting of the sexual abuse allegations. The plaintiffs also sought to recover damages for, among other things, assault, intentional infliction of emotional distress, and negligent hiring and supervision in connection with an incident on January 17, 2007, when a van driven by an IGHL employee allegedly came within close proximity to Marilyn. Thereafter, the defendants moved for summary judgment dismissing the complaint.

Social Services Law § 473-b provides that "[a]ny person who in good faith believes that a person eighteen years of age or older may be an endangered adult or in need of protective or other services . . . shall have immunity from any civil liability that might otherwise result by reason of . . . making . . . [a] report" (Social Services Law § 473-b [6]; *see Mantis v United Cerebral Palsy Assn. of Nassau County,* 173 Misc 2d 778 [1997]; *see generally Dagan v Brookdale Hosp. Med. Ctr.,* 202 AD2d 385 [1994]). Here, the defendants established that they acted in good faith when they reported allegations of sexual abuse made

by the plaintiffs' son against Marilyn (*see Mantis v United Cerebral Palsy Assn. of Nassau County,* 173 Misc 2d 778 [1997]). In opposition, the plaintiffs failed to raise a triable issue of fact with regard to any bad faith by the defendants (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325 [1986]). Therefore, the defendants were immune from liability for the plaintiffs' claims alleging intentional infliction of emotional distress and defamation relating to their reporting of the alleged sexual abuse.

Additionally, any other conduct allegedly committed by the defendants, unrelated to the reports of the alleged sexual abuse, does not, as a matter of law, support the plaintiffs' cause of action alleging intentional infliction of emotional distress, since such conduct was not " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303 [1983], quoting Restatement [Second] of Torts § 46 [1], Comment *d*). Therefore, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging intentional infliction of emotional distress insofar as asserted against Klingenburger, Pizzurro, and Roeper, as well as against Tara Underwood and Alvin Dennis, who were also employed by IGHL.

"To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" (*Fugazy v Corbetta,* 34 AD3d 728, 729 [2006], quoting *Cotter v Summit Sec. Servs., Inc.,* 14 AD3d 475, 475 [2005] [internal quotation marks omitted]). Contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the assault cause of action insofar as asserted against Roeper. The defendants failed to meet their prima facie burden of eliminating all issues of fact as to whether the manner that Roeper allegedly drove the vehicle placed Marilyn in imminent apprehension of harmful conduct (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

However, the Supreme Court erred in granting that branch of the motion which was for summary judgment dismissing the assault cause of action insofar as asserted against IGHL. "An employer is vicariously liable for its employees' torts, even where the offending employee's conduct was intentional, if the acts were committed while the employee was acting within the scope of his or her employment" (*Carnegie v J.P. Phillips, Inc.,* 28 AD3d 599, 600 [2006]; *see Elmore v City of New York,* 15

AD3d 334, 335 [2005]). Here, there is a triable issue of fact as to whether Roeper's actions in driving the van were committed while acting within the scope of his employment. Underwood, who was the assistant manager of the group home, testified at her deposition that she permitted Roeper to drive the van off of the property to look for Marilyn.

The parties' remaining contentions are without merit. Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.