Barnett v Fusco (2022 NY Slip Op 04147)

Barnett v Fusco

2022 NY Slip Op 04147

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2021-04124
 (Index No. 617420/17)

[*1]Kevin Barnett, respondent,
v
Tracy Fusco, etc., et al., appellants.

Hollander Legal Group, P.C., Melville, NY (Jennifer B. Ettenger of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated May 21, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured when he slipped and fell while on premises owned by the defendants' decedent, and was assaulted by the defendant Christian Fusco. The plaintiff subsequently commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. The defendants appeal.
In a slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Hughes v Tower Crestwood 2015, LLC, 197 AD3d 633, 634; Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827). Here, with regard to that branch of their motion which was for summary judgment dismissing the cause of action alleging negligence, the defendants established, prima facie, that the plaintiff could not identify the cause of his alleged fall without engaging in speculation (see Grande v Won Hee Lee, 171 AD3d 877, 879; O'Connor v Metro Mgt. Dev., Inc., 130 AD3d 698, 699-700; Ash v City of New York, 109 AD3d 854, 855-856). The plaintiff testified at his deposition that he did not recall how he slipped or where he slipped. In opposition, the plaintiff failed to raise a triable issue of fact.
The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging assault (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). "To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" (Marilyn S. v Independent Group Home Living Program, Inc., 73 AD3d 895, 897 [internal quotation marks omitted]; see Cayruth v City of Mount Vernon, 188 AD3d 1139, 1141). Here, the plaintiff testified at his deposition that he could not recall a physical altercation at the premises on the date of the alleged incident and did not "recall being hit." In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court