Moncion v Lyons (2022 NY Slip Op 51375(U))

[*1]

Moncion v Lyons

2022 NY Slip Op 51375(U) [77 Misc 3d 139(A)]

Decided on December 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-142 RI C

Betty Moncion, Appellant,
against
Vanessa Lyons, Malena Lyons and Fatima Lyons,
Respondents. 

Betty Moncion, appellant pro se.
Charles W. Marino, for respondents.

Appeal from a judgment of the Civil Court of the City of New York, Richmond
County (Joy F. Campanelli, J.), entered April 3, 2018. The judgment, after a nonjury
trial, dismissed the complaint.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to
the Civil Court for a new trial.
In this action, plaintiff seeks to recover the principal sum of $25,000 based on
injuries she sustained when she was allegedly assaulted and battered by defendants. At a
nonjury trial, plaintiff, who was self-represented, testified that, at the time of the incident
at issue, she lived on the eighth floor of an apartment building and defendant Vanessa
Lyons lived with her daughters, defendants Malena Lyons and Fatima Lyons, on the
sixth floor of the same building. On August 30, 2016, plaintiff returned to her apartment
with her teenage daughter. On the elevator, one of the daughter defendants began
insulting plaintiff. When the elevator stopped at the sixth floor, that defendant called to
her mother, defendant Vanessa Lyons, who joined her on the elevator with her other
daughter. Plaintiff testified that the three defendants then physically attacked her.
Plaintiff's daughter telephoned the police, who came and called an ambulance. Plaintiff
was taken to the hospital, where she was found to have sustained a fracture to her foot
and an injury to or near her ear. Plaintiff testified that, as a result of the injuries she had
sustained in the attack, she continued to experience pains and had a problem with her
ears. The court did not admit into [*2]evidence the
uncertified records plaintiff had brought to court or the photographs on plaintiff's
telephone. 
After plaintiff completed the presentation of her direct case, defense counsel moved
to dismiss the complaint on the ground that plaintiff had failed to present any admissible
proof of her physical injuries or of her monetary damages, and neither cross-examined
plaintiff nor presented any testimony. The court dismissed the action, upon a finding that
plaintiff had failed to prove a prima facie case. In a supporting decision, the court stated:
"Plaintiff failed to adequately respond to Defendants' discovery demands as previously
ordered by the court. In addition, Plaintiff failed to present any proof in admissible form
of the damages that she allegedly sustained."
We note that the record before this court does not contain any motion to compel
plaintiff to provide discovery or an order disposing of such a motion.
" 'To sustain a cause of action to recover damages for assault, there must be
proof of physical conduct placing the plaintiff in imminent apprehension of harmful
contact. To recover damages for battery, a plaintiff must prove that there was bodily
contact, that the contact was offensive, and that the defendant intended to make the
contact without the plaintiff's consent' " (Kuznitz v Funk, 187 AD3d 1006, 1006 [2020], quoting
Bastein v Sotto, 299 AD2d 432, 433 [2002]; see also Jeffreys v Griffin, 1 NY3d 34, 41, n 2 [2003]; Marilyn S. v Independent Group
Home Living Program, Inc., 73 AD3d 895, 897 [2010]; Cerilli v Kezis, 16 AD3d
363, 364 [2005]).
Plaintiff's unopposed testimony, that defendants had purposefully attacked her
in the elevator and had harmed her, was sufficient to establish, prima facie, a cause of
action for assault and battery. Thus, even if plaintiff had failed to establish any physical
injury, she would have been entitled, at the minimum, to nominal damages based on her
unopposed testimony of assault and battery (see generally Connaughton v Chipotle Mexican Grill, Inc., 29
NY3d 137, 143-144 [2017]). In addition, although, as noted by the Civil Court,
plaintiff failed to establish any monetary damages, punitive damages may be available in
a case such as this, where the conduct in question evidences a high degree of moral
culpability (see Feldman v
Knack, 170 AD3d 667, 670 [2019]), or is "intentional, grossly reckless, wanton,
or malicious" (Khan v
Flynn, 60 Misc 3d 132[A], 2018 NY Slip Op 51009[U], *1 [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2018]).
As the record demonstrates that plaintiff established, prima facie, her entitlement to
nominal and/or punitive damages, we conclude that the Civil Court erred in dismissing
the action and, thus, a new trial is required.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court
for a new trial.
ALIOTTA, P.J., and TOUSSAINT, J., concur.
WESTON, J., dissents and votes to affirm the judgment in the following
memorandum: The majority reverses the judgment and grants plaintiff a new trial on the
ground that the Civil Court erred in requiring plaintiff to submit proof of her damages.
Specifically, the majority notes that "punitive damages may be available in a case like
this" and that plaintiff would have, at least, been entitled to nominal damages. Plaintiff
did not seek punitive damages or argue that [*3]she was
entitled to nominal damages at trial, and she did not raise these arguments on appeal
either. The majority circumvents the procedural fundamentals of this court by deciding
this appeal on grounds that were not raised by either party below or on appeal (see generally Rosenblatt v St.
George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54 [2014];
Pamco Indus. v Medical Plaza Assoc., 231 AD2d 504 [1996]; Marshall v
New York City Health & Hosps. Corp., 186 AD2d 542, 543-544, [1992]). This
runs afoul of our basic notion of fair play and should be avoided. Appellate courts "are
not in the business of blindsiding litigants, who expect us to decide their appeals on
rationales advanced by the parties, not arguments their adversaries never made" (Misicki v Caradonna, 12 NY3d
511, 519 [2019]). By deciding this appeal on a ground of its own creation, the
majority has effectively denied defendants the "opportunity. . . to be heard on a question
which they had no reason to believe was part of the [appeal]" (Grant v Cuomo,
130 AD2d 154, 176 [1987], affd 73 NY2d 820 [1988]).
In my opinion, while this is a sympathetic case, it is a waste of judicial resources to
require a new trial when plaintiff has not provided a basis for this court to reverse the
judgment. 
Accordingly, I vote to affirm. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23,
2022