Gentile v Wegman (2023 NY Slip Op 00030)

Gentile v Wegman

2023 NY Slip Op 00030

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 151492/20 Appeal No. 17023 Case No. 2021-03136 

[*1]Chris Gentile et al., Plaintiffs-Appellants,
v
Ayala Miller Wegman, M.D. et al., Defendants-Respondents.

Mavrides, Moyal, Packman & Sadkin, LLP, New York (Heath Olnowich of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Ayala Miller Wegman, M.D., respondent.
Vigorito, Barker, Patterson, Nichols & Porter LLP, Garden City (Adonaid C. Medina of counsel), for Global Pediatrics, P.C., respondent.

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about July 14, 2021, which granted defendants' motions to dismiss the complaint and denied plaintiffs' cross motion to add Cornell University d/b/a Weill Cornell Medicine and/or Weill Cornell Medical College as a party defendant, unanimously affirmed, without costs.
Plaintiffs commenced this action, individually and as the parents and natural guardians of A.G., to recover damages resulting from unfounded allegations of child abuse and maltreatment made by defendant Ayala Miller Wegman, M.D. to Child Protective Services. However, plaintiffs failed to allege facts sufficient to rebut the presumption of immunity afforded to Dr. Wegman under Social Services Law § 419 (see also Social Services Law § 413[1]; Isabelle V. v City of New York , 150 AD2d 312, 313 [1st Dept 1989]). Rather, the allegations in the complaint show that Dr. Wegman had reasonable cause to suspect that A.G. may have been abused and acted in good faith (see Dagan v Brookdale Hosp. Med. Ctr. , 202 AD2d 385, 386 [2d Dept 1994]). Specifically, the complaint stated that, during a visit for stomach problems, Dr. Wegman observed that A.G., who was small for his age, appeared malnourished, and plaintiff mother admitted that A.G. was on a special diet. The complaint further stated that, almost two weeks after the visit, plaintiffs still had not followed up with Dr. Wegman's referral to a pediatric gastroenterologist. Plaintiffs' allegation that Dr. Wegman was motivated by personal animus based on her misguided belief that A.G. had not been vaccinated is speculative and insufficient to overcome the statutory presumption of good faith.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023