McWilliams v Thomsen (2025 NY Slip Op 05516)

McWilliams v Thomsen

2025 NY Slip Op 05516

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-10060
 (Index No. 58549/23)

[*1]Michael Paul McWilliams, appellant,
v
Kelley Thomsen, respondent.

Michael Paul McWilliams, New Rochelle, NY, appellant pro se.
Kenney Shelton Liptak Nowak LLP, Jamesville, NY (Daniel K. Cartwright of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated September 25, 2023. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint and denied, as academic, the plaintiff's cross-motion, among other things, to compel discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2023, the plaintiff commenced this action against the defendant, a former caseworker with the Cortland County Department of Social Services (hereinafter DSS) who had been part of an investigation of the plaintiff regarding the alleged abuse of children in the plaintiff's custody, inter alia, to recover damages for defamation in connection with statements made by the defendant at a hearing before an administrative law judge. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, arguing, among other things, that his actions as a caseworker were protected by the immunity afforded by Social Services Law § 419. The plaintiff cross-moved, inter alia, to compel discovery of information regarding the defendant's financial arrangement with his attorneys. In an order dated September 25, 2023, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion as academic. The plaintiff appeals.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, the court must give the complaint a liberal construction, accept the facts alleged therein as true, provide the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Pascall v New York City Tr. Auth., 230 AD3d 1246, 1247 [internal quotations marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). However, allegations consisting of bare legal conclusions and factual claims that are inherently incredible are not entitled to a favorable inference (see Browne v Lyft, Inc., 219 AD3d 445, 446; Everett v Eastchester Police Dept., 127 AD3d 1131, 1132). "'The ultimate question is whether, accepting the allegations and affording these inferences, [the] plaintiff can succeed upon any reasonable view of the facts stated'" (Perez v Y & M Transp. Corp., 219 AD3d 1449, 1450-1451 [internal quotation marks omitted], quoting Doe v Bloomberg L.P., 36 NY3d 450, 454). "Dismissal is 'warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual [*2]allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Browne v Lyft, Inc., 219 AD3d at 446, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
Here, the complaint and the exhibits thereto demonstrate that the defendant had been a caseworker employed by DSS and that, in that capacity and as a result of a call to DSS by the police, the defendant, among others, investigated the plaintiff and testified at a hearing in February 2023, which is the subject of the complaint. Accepting as true the allegations in the complaint and affording a liberal reading of the complaint in view of the plaintiff's status as a pro se litigant (see Oluwo v Mills, 228 AD3d 879, 880; MTGLQ Invs., L.P. v Makhnevich, 201 AD3d 931, 932), the complaint failed to allege facts sufficient to rebut the presumption of immunity afforded the defendant pursuant to Social Services Law § 419 (see id. §§ 413[1]; 424; Gentile v Wegman, 212 AD3d 409; Matter of Bonilla v Town of Hempstead, 131 AD3d 1166; Isabelle V. v City of New York, 150 AD2d 312, 313).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint and denied, as academic, the plaintiff's cross-motion, among other things, to compel discovery.
BARROS, J.P., CHRISTOPHER, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court