■ SCOTT DYKSTRA, Respondent, v LAWRENCE PARTRIDGE, Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendant Lawrence Partridge appeals from an order of the Supreme Court, Rockland County (Meehan, J.), dated November 24, 1987, which denied his motion for summary judgment dismissing the complaint as against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed as against the defendant Partridge.

On May 7, 1983, the plaintiff was injured when the defendant Partridge threw a bottle of beer at him in the parking lot of a Grand Union supermarket. After the bottle struck the plaintiff in the head, Partridge continued the assault by grabbing the plaintiff's hair as he lay injured and smashing his head on the pavement. The altercation was part of a protracted feud between the two young men that had erupted into a fistfight on a prior occasion.

More than one year after the incident, the plaintiff initiated this action. The verified complaint and bill of particulars charged Partridge with negligently assaulting him by striking him in the head with a beer bottle after consuming beer. In the verified answer, Partridge interposed several affirmative defenses including the Statute of Limitations. Partridge moved for summary judgment based on this defense, arguing that the cause of action sounded in assault and battery which was barred by the one-year Statute of Limitations.

In opposition, the plaintiff submitted his affidavit and the affirmation of his attorney. Both documents contained statements to the effect that Partridge lacked the capacity to form the requisite intent to assault the plaintiff because he was known to drink to excess. The Supreme Court, Rockland County, found that the plaintiff's proof was sufficient to demonstrate that a question of fact existed as to whether Partridge threw the bottle negligently.

We disagree. The proof submitted by Partridge in support of

the motion, including the criminal complaint sworn to by the plaintiff, the plaintiff's statements contained in two police reports and statements by eyewitnesses given to the Assistant District Attorney investigating the incident demonstrates as a matter of law that Partridge acted with the intent to arouse apprehension of harmful bodily contact as well as the intent to inflict physical injury *(see, Trott v Merit Dept. Store,* 106 AD2d 158). The affidavits in opposition are insufficient to demonstrate an issue of fact *(Zuckerman v City of New York,* 49 NY2d 557). Thus, they are insufficient to defeat the motion. Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.