■ David Charkhy et al., Appellants, v Azril Altman, Respondent, et al., Defendants. [678 NYS2d 40] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered December 16, 1996, as amended by the so-ordered stipulation dated January 6, 1997, which, insofar as appealed from as limited by plaintiffs' brief, denied plaintiffs' motion for partial summary judgment as to liability on their claims for civil assault and battery, unanimously affirmed, without costs.

Defendant pleaded guilty to the reduced charge of attempted

grand larceny in the fourth degree under Penal Law §§ 110.00 and 155.30 (6) (attempting to steal property by means of extortion). Penal Law § 155.05 (2) (e) defines extortion as obtaining property by compelling or inducing a person to deliver such property "by means of instilling in him a fear that, if the property is not so delivered, the actor or another will: (i) Cause physical injury to some person in the future". A civil assault "is an intentional placing of another person in fear of imminent harmful or offensive contact"; civil battery "is an intentional wrongful physical contact with another person without consent" (*United Natl. Ins. Co. v Waterfront N. Y. Realty Corp.*, 994 F2d 105, 108).

We find no merit to defendant's claim that, in light of "the realities of litigation", he had no choice but to accept the prosecution's offer of a plea to a reduced charge in exchange for a promised sentence of three years probation and that his guilty plea was entered to avoid the expense and anguish to his family of a criminal trial. In pleading guilty, defendant admitted that his co-defendant Frank Tramontano, who also pleaded guilty to the same reduced charge, went to plaintiff's store on numerous occasions to collect a debt on defendant's behalf and, with defendant's knowledge, threatened plaintiff, including the making of death threats. Defendant also admitted accompanying Tramontano on one such visit. This was no minor offense and defendant faced possible minimum sentences of 1 to 3 years and maximum sentences of 5 to 15 years and 2⅓ to 7 years on the original felonies charged.

Nevertheless, the IAS Court was correct in concluding that there is no identity of issues between the criminal proceedings against defendant and the instant civil proceedings, since the former concerned threats of future harm, whereas the latter concerns fear of imminent harm and actual contact. Nor is the identity of issues plaintiffs urge demonstrated by defendant's plea allocution in the criminal proceeding. At no point did either defendant or his co-defendant, the so-called "debt collector" he hired, admit that the latter made physical contact with plaintiff, a necessary element of battery. Concur—Milonas, J. P., Rosenberger, Williams and Andrias, JJ.