■ ABRAHAM RUBIN, Appellant, v ISRAEL BELSKY et al., Respondents, et al., Defendants. [704 NYS2d 886] —In an action,

*inter alia,* to recover damages for personal injuries arising from assault and battery, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Garry, J.), dated July 14, 1998, which granted the motion of the defendant Aryeh Ralbag for summary judgment dismissing the complaint insofar as asserted against him, (2) an order of the same court, dated July 21, 1998, which granted the motion of the defendant Rebecca Wolmark for summary judgment dismissing the complaint insofar as asserted against her, (3) an order of the same court, dated August 11, 1998, which, *inter alia,* granted the motion of the defendant Abraham Wolfson for summary judgment dismissing the complaint insofar as asserted against him, (4) an order of the same court, dated August 11, 1998, which, *inter alia,* granted the motion of the defendant Tovi Wolfson for summary judgment dismissing the complaint insofar as asserted against her, (5) an order of the same court, dated September 2, 1998, which granted the motion of the defendant Martin Wolmark for summary judgment dismissing the complaint insofar as asserted against him, (6) an order of the same court, dated September 2, 1998, which granted the motion of the defendant Union of Orthodox Rabbis of the United States and Canada for summary judgment dismissing the complaint insofar as asserted against it, (7) an order of the same court, dated September 7, 1998, which granted the motion of the defendant Peretz Steinberg for summary judgment dismissing the complaint insofar as asserted against him, and (8) an order and judgment (one paper) of the same court, dated March 11, 1999, which granted the motion of the defendant Israel Belsky summary judgment dismissing the complaint insofar as asserted against him and dismissed the complaint insofar as asserted against him.

Ordered that the appeals from the orders dated July 14, 1998, and July 21, 1998, and the order and judgment dated March 11, 1999, are dismissed, as no appeals lie from orders entered on the default of the appealing party; and it is further,

Ordered that the two orders dated August 11, 1998, the order dated September 2, 1998, referring to the defendant Union of Orthodox Rabbis of the United States and Canada, and the order dated September 7, 1998, are affirmed; and it is further,

Ordered that the order dated September 2, 1998, referring to the defendant Martin Wolmark is reversed, and that defendant's motion is denied; and it is further,

Ordered that one bill of costs is awarded to the respondents Aryeh Ralbag, Rebecca Wolmark, Abraham Wolfson, Tovie Wolfson, the Union of Orthodox Rabbis of the United States

and Canada, Peretz Steinberg, and Israel Belsky, payable by the plaintiff.

The Union of Orthodox Rabbis of the United States and Canada, Tovie Wolfson, Abraham Wolfson, and Peretz Steinberg demonstrated their entitlement to summary judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557). The plaintiff's general allegations were insufficient to raise a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325; *see, Comstock & Co. v Duffy,* 43 AD2d 704).

However, the Supreme Court erred in granting the motion of Martin Wolmark for summary judgment since an issue of fact exists as to whether he participated in the alleged beating of the plaintiff.

The plaintiff's remaining contentions are without merit. Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.