■ PAUL PEREZ, Appellant, v CHARTER ONE FSB, Also Known as ALBANK, Respondent. [748 NYS2d 392] —In an action, inter alia, to recover damages for false arrest and false imprisonment, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Owen, J.), dated June 26, 2001, as granted the defendant's motion to dismiss the causes of action to recover damages for false arrest and false imprisonment, and for summary judgment on the counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff failed to rebut the defendant's prima facie showing that it did not instigate the plaintiff's arrest, but merely

supplied information to the police who determined that an arrest was appropriate. Therefore, the Supreme Court correctly granted that branch of the defendant's motion which was for summary judgment dismissing the first and second causes of action to recover damages for false arrest and false imprisonment (*see Tzambazis v City of New York,* 291 AD2d 397; *O'Connell v Luebs,* 264 AD2d 385; *Byrd v Middleton-Bond,* 253 AD2d 510, 511; *DeFilippo v County of Nassau,* 183 AD2d 695, 696-697; *Eisenkraft v Armstrong,* 172 AD2d 484, 486).

The Supreme Court also correctly granted that branch of the defendant's motion which was for summary judgment on its counterclaim based on the plaintiff's breach of warranty of prior endorsements on a negotiable instrument imposed by UCC 3-417 and 4-207. Unlike the statutory shift of burdens of care between a drawer and drawee bank (*see* UCC 4-406 [2], [3]; *Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co.,* 74 NY2d 340, 345-346), the breach of warranty of prior endorsements is based on strict contractual liability (*see* UCC 4-207; *Bank of N.Y. v Fleet Bank,* 176 Misc 2d 21, 24), as to which the negligence of the beneficiary of the warranty is no defense (*cf. Nastro Contr. v Agusta,* 217 AD2d 874, 875). Thus, a depository bank (the defendant) is entitled to recover from its customer (the plaintiff) the amounts it was required to pay to a drawee bank for accepting the customer's deposit of a check bearing a prior forged endorsement, the proceeds of which the depository bank had furnished to the customer (*see Capital Dist. Tel. Empls. Fed. Credit Union v Berthiaume,* 105 Misc 2d 529).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.