■ JOEL BASTEIN et al., Appellants, v CARMEN SOTTO et al., Respondents. [749 NYS2d 538] —In an action, inter alia, to recover damages for assault and battery, the plaintiffs appeal, as

limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated March 4, 2002, as denied those branches of their motion which were for summary judgment on the issue of liability against the defendant Carmen Sotto on the assault and battery causes of action, to strike the answer of that defendant or preclude him from testifying at trial, and to compel the defendants to comply with discovery demands to produce a copy of any statement made by the defendant Carmen Sotto to the defendants' insurance company.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for summary judgment on the issue of liability against the defendant Carmen Sotto on the assault and battery causes of action and substituting a provision therefor granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact. To recover damages for battery, a plaintiff must prove that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact without the plaintiff's consent (*see Holtz v Wildenstein & Co.*, 261 AD2d 336; *Roe v Barad*, 230 AD2d 839). The plaintiffs established their prima facie entitlement to judgment as a matter of law as to the causes of action alleging assault and battery against the defendant Carmen Sotto. In opposition, the defendants failed to come forward with admissible evidence to raise a triable issue of fact. Thus, the plaintiffs were entitled to summary judgment on the issue of liability against the defendant Carmen Sotto on the causes of action to recover damages for assault and battery.

In light of our determination, the appellants' remaining contentions have been rendered academic. Feuerstein, J.P., Luciano, Townes and Cozier, JJ., concur.