■ JOHN COTTER, Respondent, v SUMMIT SECURITY SERVICES, INC., et al., Appellants. [788 NYS2d 153]—

In an action to recover damages for assault, battery, false imprisonment, false arrest, and negligent hiring, retention, and training, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated January 5, 2004, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants established their prima facie entitlement to judgment as a matter of law on the causes of action alleging false arrest and malicious prosecution by tendering evidence that they did not affirmatively induce a police officer to act (*see Wasilewicz v Village of Monroe Police Dept.,* 3 AD3d 561 [2004]; *Cobb v Willis,* 208 AD2d 1155, 1156 [1994]), but merely supplied information to the police, who determined that an arrest was appropriate (*see DeFilippo v County of Nassau,* 183 AD2d 695 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the causes of action to recover damages for false arrest and false imprisonment (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Perez v Charter One FSB,* 298 AD2d 447 [2002]).

"To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" (*Bastein v Sotto,* 299 AD2d 432, 433 [2002]). To recover damages for battery, a plaintiff must prove that there was bodily contact, made with intent, and offensive in nature (*see Siegell v Herricks Union Free School Dist.,* 7 AD3d 607, 609 [2004]; *Bastein v Sotto,*

*supra*). The defendants established their prima facie entitlement to judgment as a matter of law as to the causes of action alleging assault and battery and, in opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra* at 557).

Since all other causes of action asserted in the complaint should have been dismissed, the remaining cause of action alleging negligent hiring and training also should have been dismissed as there was no evidence that the defendant Marino Munoz, who was employed by the defendant Summit Security Services, Inc., committed the torts upon which the remaining cause of action was based (*cf. U.S. Underwriters Ins. Co. v Val-Blue Corp.,* 85 NY2d 821, 823 [1995]; *Karoon v New York City Tr. Auth.,* 241 AD2d 323, 324 [1997]). Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur.