■ RUTH HIGGINS, Appellant, v LEIGH HAMILTON, Respondent. [794 NYS2d 421]—

In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated July 16, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly granted that branch of the defendant's motion which was to dismiss the plaintiff's cause of action to recover damages for battery. To recover damages for battery, a plaintiff must prove that there was bodily contact, that the contact was offensive, i.e., wrongful under all of the circumstances, and intent to make the contact without the plaintiff's consent (*see Siegell v Herricks Union Free School Dist.,* 7 AD3d 607, 609 [2004]; *Tillman v Nordon,* 4 AD3d 467, 468 [2004]; *Bastein v Sotto,* 299 AD2d 432, 433 [2002]).

The contact on which the plaintiff predicates her battery claim was made when the plaintiff attempted to grab a shotgun from the defendant's decedent. Thus, the plaintiff cannot prove the

element that the decedent intended to make offensive contact with her when he struggled to retain the shotgun or that the touching was without her consent.

The assault cause of action also was correctly dismissed because, according to the plaintiff's own testimony, she was not in imminent apprehension of any harmful contact before the decedent shot himself.

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.