■ SANDRA FUGAZY et al., Appellants, v RICHARD CORBETTA et al., Respondents. (And a Third-Party Action.) [825 NYS2d 120]—

In an action to recover damages for assault and battery, negligence, and negligent supervision, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated May 5, 2005, which, inter alia, upon searching the record, awarded the plaintiffs summary judgment on the issue of liability against the defendant Ken Romanello and granted the cross motion of the defendant Richard Corbetta for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which, upon searching the record, awarded the plaintiffs summary judgment on the issue of liability against the defendant Ken Romanello, and (2) deleting the provision thereof granting those branches of the cross motion of the defendant Richard Corbetta which were for summary judgment dismissing the plaintiffs' assault and battery and negligence causes of action insofar as asserted against him and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Nicholas Fugazy (hereinafter Fugazy) allegedly sustained personal injuries during an altercation following a Catholic Youth Organization basketball game. He incurred a single blow to the left side of his face but did not observe who struck him.

The plaintiffs subsequently commenced this action asserting assault and battery and negligence causes of action against the defendant Richard Corbetta, whose son played on the opposing team, and the defendant Ken Romanello, another member of that team. A separate cause of action alleging negligent supervision was also interposed against Corbetta. Romanello moved and Corbetta cross-moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied Romanello's motion, granted Corbetta's cross motion, and, upon searching the record, awarded the plaintiffs summary judgment on the issue of liability against Romanello (*see* CPLR 3212 [b]).

The Supreme Court erred in granting those branches of Corbetta's cross motion which were for summary judgment dismissing the assault and battery and negligence causes of action insofar as asserted against him and, upon searching the record, awarding the plaintiffs summary judgment on the issue of liability against Romanello.

"To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" (*Cotter v Summit Sec. Servs., Inc.,* 14 AD3d 475 [2005] [internal quotation marks omitted]; *see Bastein v Sotto,* 299 AD2d 432, 433 [2002]). "The elements of a cause of action [to recover damages] for battery are bodily contact, made with intent, and offensive in nature" (*Tillman v Nordon,* 4 AD3d 467, 468 [2004] [internal quotation marks omitted]; *see Zgraggen v Wilsey,* 200 AD2d 818, 819 [1994]). Contrary to the conclusion of the Supreme Court, triable issues of fact exist as to which, if either, defendant struck Fugazy and, if so, whether the touching was intentional and offensive (*see Siegell v Herricks Union Free School Dist.,* 7 AD3d 607, 609 [2004]; *Tillman v Nordon, supra* at 468; *Goff v Clarke,* 302 AD2d 725, 727 [2003]; *Rubin v Belsky,* 270 AD2d 405, 407 [2000]).

Conversely, Corbetta established a prima facie entitlement to summary judgment dismissing the negligent supervision cause of action by demonstrating that he had no duty to supervise Romanello or the other members of his son's team, and the plaintiffs failed to raise a triable issue of fact as to that issue (*see Morning v Riverhead Cent. School Dist.,* 27 AD3d 435, 436

[2006]; *Jerideau v Huntington Union Free School Dist.*, 21 AD3d 992, 993 [2005]; *Lumley v Motts*, 1 AD3d 573, 574 [2003]).

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.