■ CAROLINE NICHOLSON, Individually and as Parent and Natural Guardian of FAITH NICHOLSON, an Infant, Respondent, v LEILA HADLEY LUCE et al., Appellants. [866 NYS2d 52]—

Order, Supreme Court, New York County (Debra A. James, J.), entered August 8, 2008, brought up for review pursuant to CPLR 5517 (b) by appeal from an order, same court and Justice, entered October 30, 2007, which, upon reargument, inter alia, granted defendants' motion for summary judgment dismissing the complaint only to the extent of dismissing the claims for battery, libel, and intentional infliction of emotional distress, unanimously affirmed, without costs.

A claim for sexual assault may be framed as a claim for either assault or battery (*see generally Waxter v State of New York*, 33 AD3d 1180, 1182 [2006]; *Physicians' Reciprocal Insurers v Loeb*, 291 AD2d 541, 542-543 [2002]; *N.X. v Cabrini Med. Ctr.*, 280 AD2d 34, 36 [2001], *mod* 97 NY2d 247 [2002]; *Dolback v Reeves*, 265 AD2d 625, 625 [1999]). Plaintiffs pleaded both. On defendants' prior motion addressed to the sufficiency of the pleadings, the court dismissed the claim for battery because there was no allegation of offensive bodily contact (*see Charkhy v Altman*, 252 AD2d 413, 414 [1998]). On the instant motion, the court correctly declined to dismiss the claim for assault because the record presents issues of fact whether defendant Leila Hadley Luce's "physical conduct plac[ed] [her minor granddaughter] in imminent apprehension of harmful contact" (*Fugazy v Corbetta*, 34 AD3d 728, 729 [2006] [internal quotation marks and citation omitted]; *see Charkhy* at 414; *Reichle v Mayeri*, 110 AD2d 694 [1985]). Concur—Tom, J.P., Gonzalez, Williams, Moskowitz and Freedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN RIVERA, Appellant. [865 NYS2d 588]—Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered on or about March 22, 2007, unanimously affirmed. No opinion. Order filed. Concur—Tom, J.P., Gonzalez, Williams, Moskowitz and Freedman, JJ.