MARILYN S. et al., Appellants, v INDEPENDENT GROUP HOME LIVING PROGRAM, INC., et al., Respondents. [903 NYS2d 403]—

In an action, inter alia, to recover damages for intentional infliction of emotional distress and assault, and for a judgment declaring that the defendant Independent Group Home Living Program, Inc., violated Mental Hygiene Law § 33.02, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated January 15, 2009, as granted those branches of the defendants' motion which were for summary judgment dismissing the cause of action for declaratory relief, the cause of action to recover damages for intentional infliction of emotional distress insofar as asserted against the defendant Independent Group Home Living Program, Inc., and the causes of action to recover damages for assault and negligent hiring and supervision.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' cause of action for declaratory relief and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the assault cause of action asserted on behalf of the plaintiff Paul Sybalski and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs' adult son, who is mentally challenged, resided at a group home operated by the defendant Independent Group Home Living Program, Inc. (hereinafter IGHL), in Centereach. Beginning in July 2004, the plaintiffs, in particular Marilyn S., made numerous complaints to IGHL regarding the care their son received at the group home. Thereafter, a contentious relationship developed between the plaintiffs and IGHL. By letters

dated August 31, 2004, and March 1, 2006, respectively, IGHL restricted the plaintiffs' visitation rights with their son by requiring them to provide advance notice before any visit and limiting each visit to three hours, due to IGHL's belief that the plaintiffs' visits interrupted the operation of the group home.

The plaintiffs commenced an action in the United States District Court, Eastern District of New York, against IGHL, among others, seeking to have the visitation restrictions lifted (hereinafter the federal action). During the pendency of the federal action, IGHL informed the plaintiffs that their son made allegations during dinner at the group home on November 28, 2006, that Marilyn had sexually abused him. IGHL further limited Marilyn's visitation rights with her son by restricting her from being alone with him pending the results of the investigation, which ultimately resulted in a finding that the allegations of sexual abuse were inconclusive. The federal action subsequently was dismissed. Thereafter, the plaintiffs commenced this action, inter alia, seeking a declaratory judgment that IGHL violated Mental Hygiene Law § 33.02 by restricting their visitation rights with their son, based on the letters dated August 31, 2004, and March 1, 2006. The plaintiffs also sought to recover damages for intentional infliction of emotional distress based on the manner in which IGHL implemented and enforced the visitation restrictions. The plaintiffs further sought to recover damages, inter alia, for assault and negligent hiring and supervision based on an incident that occurred on April 21, 2007, involving a verbal altercation between the plaintiffs and the defendants Michael Pitts, Roy Golden, and Vincent Spitiri, who were IGHL employees. Thereafter, the defendants moved for summary judgment dismissing the complaint.

The Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' cause of action for declaratory relief. Contrary to the defendants' contention, IGHL's restriction of the plaintiffs' visitation rights with their son was not imposed in response to allegations made by their son that Marilyn sexually abused him. Therefore, IGHL could not rely upon Mental Hygiene Law § 13.21 (b) or Social Services Law § 473-b to justify the visitation restrictions it imposed upon the plaintiffs in the letters dated August 31, 2004, and March 1, 2006. Since the defendants failed to offer evidence that the visitation restrictions that IGHL imposed upon the plaintiffs were reasonable in light of the rights provided to the mentally challenged pursuant to Mental Hygiene Law § 33.02, that branch of the defendants' motion for summary judgment should not have been granted.

"To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" (*Fugazy v Corbetta*, 34 AD3d 728, 729 [2006], quoting *Cotter v Summit Sec. Servs., Inc.*, 14 AD3d 475, 475 [2005] [internal quotation marks omitted]). With regard to the cause of action alleging assault asserted by Marilyn against Pitts, the defendants met their prima facie burden by showing that Pitts did not exhibit any physical conduct towards Marilyn, and that she was not in imminent apprehension of harmful conduct. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion.

However, as for the assault cause of action asserted by the plaintiff Paul S. against Pitts, the defendants failed to meet their prima facie burden of eliminating all triable issues of fact as to whether Pitts engaged in physical conduct that placed Paul in imminent apprehension of harmful conduct (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Therefore, that branch of the motion should not have been granted.

The Supreme Court improperly awarded summary judgment dismissing the plaintiffs' cause of action alleging intentional infliction of emotional distress insofar as asserted against IGHL on the ground that IGHL was immune from liability under Social Services Law § 473-b, since this statute was inapplicable to the facts. However, IGHL established its entitlement to judgment as a matter of law by demonstrating that its conduct in implementing and enforcing the visitation restrictions was not " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983], quoting Restatement [Second] of Torts § 46 [1], Comment *d*). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

"To establish a cause of action based on negligent hiring and supervision, it must be shown that 'the employer knew or should have known of the employee's propensity for the conduct which caused the injury' " (*Jackson v New York Univ. Downtown Hosp.*, 69 AD3d 801, 801 [2010], quoting *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997]). Here, IGHL established its prima facie entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320,

324-325 [1986]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent hiring and supervision.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.