■ ANTWONE NICHOLSON et al., Respondents, v FREEPORT UNION FREE SCHOOL DISTRICT, Appellant, and JUDGE ROTENBERG EDUCATIONAL CENTER, INC., Respondent. [902 NYS2d 192]—

In an action, inter alia, to recover damages for intentional torts and negligence, the defendant Freeport Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered May 20, 2009, as denied that branch of its cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and that branch of the cross motion of the defendant Freeport Union Free School District which was for summary judgment dismissing the amended complaint insofar as asserted against it is granted.

In their amended complaint, the plaintiffs assert that the defendant Freeport Union Free School District (hereinafter Freeport UFSD) arranged and consented to the placement of the infant plaintiff, Antwone Nicholson (hereinafter Antwone), at the Judge Rotenberg Educational Center, Inc. (hereinafter JRC), in Massachusetts, knowing that JRC used aversive behavioral interventions, including a graduated electronic decelerator (hereinafter GED) which emitted electrical shocks to students to curb certain behaviors, and that JRC's use of the GED on Antwone with the knowledge and consent of Freeport UFSD was unlawful and improper.

To the extent that the plaintiffs' claims are based upon an allegation that any and all use of the GED on Antwone was improper or unlawful, those claims are barred by the doctrine of collateral estoppel. The record demonstrates that Antwone's mother, the plaintiff Evelyn Nicholson, appeared in proceedings before the Probate and Family Court, Commonwealth of Massachusetts (hereinafter the Massachusetts court), at which Antwone was represented by counsel, and that in decrees dated August 11, 2004, and October 27, 2004, the Massachusetts court approved a behavior modification treatment plan, which included the use of aversive behavioral intervention, consisting of the use of the GED on Antwone. Since the Massachusetts court found the commencement of GED use appropriate, its determination necessarily involved the issue of its lawfulness. The plaintiffs' contention that collateral estoppel is inapplicable because the Massachusetts court decrees were based on the opinion of an unlicensed professional is unavailing (see Tamimi v Tamimi, 38 AD2d 197, 203-204 [1972]). Thus, since the appropriateness of the GED treatment and its legality were determined in the prior proceedings, and the plaintiffs had a full and fair opportunity to litigate those issues, the plaintiffs are collaterally estopped from relitigating those issues in this action (see Breslin Realty Dev. Corp. v Shaw, 72 AD3d 258 [2010]). Additionally, at all relevant times, New York State law did not prohibit aversive behavioral interventions including the use of the GED, and Freeport UFSD followed the appropriate special education procedure in placing Antwone at JRC with parental consent.

While the plaintiffs also assert that the GED treatment was implemented in an improper manner by JRC after court ap-

proval, Freeport UFSD "appropriately contracted-out" the duty of supervision with the consent of Antwone's mother, and it cannot be held liable for inadequate supervision where, as here, there is no evidence that it was aware of improper conduct on the part of JRC (*Ferraro v North Babylon Union Free School Dist.*, 69 AD3d 559, 560 [2010] [internal quotation marks omitted]). Therefore, Freeport UFSD has not breached any statutory, contractual, or common-law duty owed to Antwone.

Freeport UFSD made a prima facie showing of its entitlement to summary judgment dismissing the first cause of action alleging breach of contract (*see Torres v Little Flower Children's Servs.*, 64 NY2d 119 [1984], *cert denied* 474 US 864 [1985]), the third and fifth causes of action alleging assault and battery (*see Higgins v Hamilton*, 18 AD3d 436 [2005]), the seventh cause of action alleging intentional infliction of emotional distress (*see McGovern v Nassau County Dept. of Social Servs.*, 60 AD3d 1016 [2009]), and the ninth cause of action alleging negligence (*see Schetzen v Robotsis*, 273 AD2d 220 [2000]; *Paladino v Adelphi Univ.*, 89 AD2d 85 [1982]) insofar as asserted against it. In opposition, the plaintiffs failed to raise a triable issue of fact.

In addition, Freeport UFSD demonstrated that dismissal of the plaintiffs' tenth and eleventh causes of action alleging violation of 42 USC § 1983 as it relates to the Individuals with Disabilities Education Act (20 USC § 1400 *et seq.*) and the Rehabilitation Act (29 USC § 794 *et seq.*) was warranted based upon failure to exhaust all administrative remedies prior to commencing this action as required by 20 USC § 1415 (1) (*see Polera v Board of Educ. of Newburgh Enlarged City School Dist.*, 288 F3d 478 [2002]). Moreover, since the causes of action predicated on violations of 42 USC § 1983 have been dismissed, the plaintiffs are not entitled to awards of attorneys' fees, and thus summary judgment dismissing the twelfth cause of action seeking that relief against Freeport UFSD must also be granted (*see* 42 USC § 1988). Prudenti, P.J., Fisher, Roman and Sgroi, JJ., concur.