The plaintiff alleged that on March 7, 2010, while she was on an extended business trip with the defendant, who was her supervisor, the defendant entered her hotel room uninvited and started screaming at her to stay away from another coworker and to do her work. She maintains that the defendant’s “words and actions were physically intimidating on this occasion; and caused [her] to fear for her personal safety.” As a result, she “pleaded with [the defendant] to leave her alone.” She also alleged that on March 8, 2010, the following day, the defendant initiated another argument with her and screamed “so loudly that his entire face turned beet red, making [the] plaintiff fear for her safety.”
The plaintiff commenced this action against the defendant, inter alia, to recover damages for assault. The defendant moved to dismiss the complaint in its entirety and the Supreme Court denied that branch of his motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, which alleged assault.
In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), a “court will ‘accept the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal *760 theory’ ” (Nonnon v City of New York, 9 NY3d 825, 827 [2007], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Sanford/ Kissena Owners Corp. v Daral Props., LLC, 84 AD3d 1210, 1211 [2011]).
To plead a cause of action to recover damages for assault, a plaintiff must allege intentional “physical conduct placing the plaintiff in imminent apprehension of harmful contact” (Bastein v Sotto, 299 AD2d 432, 433 [2002]; see Flamer v City of Yonkers, 309 NY 114 [1955]; Marilyn S. v Independent Group Home Living Program, Inc., 73 AD3d 892, 894 [2010]; Fugazy v Corbetta, 34 AD3d 728, 729 [2006]; Cotter v Summit Sec. Servs., Inc., 14 AD3d 475, 475 [2005]). While “[a]n action for an assault need not involve physical injury, but only a grievous affront or threat to the person of the plaintiff’ (Di Gilio v Burns Intl. Detective Agency, 46 AD2d 650, 650 [1974]; see Reichle v Mayeri, 110 AD2d 694 [1985]), words, without some menacing gesture or act accompanying them, ordinarily will not be sufficient to state a cause of action alleging assault (see Carroll v New York Prop. Ins. Underwriting Assn., 88 AD2d 527, 527 [1982]). Here, the plaintiff did not sufficiently plead that the defendant engaged in such conduct that would have caused her to become apprehensive of an imminent harmful or offensive contact (see e.g. Marilyn S. v Independent Group Home Living Program, Inc., 73 AD3d at 894; Cotter v Summit Sec. Servs., Inc., 14 AD3d at 475; see also Hassan v Marriott Corp., 243 AD2d 406, 407 [1997]). Further, she failed to allege intent on the part of the defendant (see Flamer v City of Yonkers, 309 NY 114 [1955]; PJI 3:2).
Accordingly, the Supreme Court should have granted that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action. Dillon, J.P, Dickerson, Austin and Miller, JJ., concur.