In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated March 13, 2012, which denied her motion for summary judgment on the issue of liability on the causes of action alleging assault and battery.
*792 Ordered that the order is affirmed, with costs.
The plaintiff was a surgical technician in the operating room (hereinafter the OR) at Stony Brook University Medical Center (hereinafter the hospital). The defendant was an assistant director of nursing at the hospital, and the nurse supervisor for the plaintiffs unit. The defendant was responsible for, among other things, enforcing hospital policies. The hospital prohibited OR personnel from wearing artificial nails, a rule the plaintiff violated more than once prior to the subject incident. In June 2007, suspecting that the plaintiff was wearing artificial nails, the defendant asked the plaintiff to display her hands, which were covered by a blanket. When the plaintiff refused to comply, the defendant reached under the blanket and tugged at the plaintiffs right wrist. Based on this, the plaintiff commenced this action, alleging, inter alia, assault and battery.
With regard to the cause of action alleging battery, the plaintiff, on her motion for summary judgment, failed to establish, prima facie, that the bodily contact was offensive, that the defendant intended to make such contact without her consent (see Fugazy v Corbetta, 34 AD3d 728, 729 [2006]; Higgins v Hamilton, 18 AD3d 436 [2005]; Tillman v Nordon, 4 AD3d 467, 468 [2004]; Bastein v Sotto, 299 AD2d 432, 433 [2002]), or that the defendant intended “ ‘to cause a bodily contact that a reasonable person would find offensive’ ” (Cerilli v Kezis, 16 AD3d 363, 364 [2005], quoting Jeffreys v Griffin, 1 NY3d 34, 41 n 2 [2003]). With regard to the cause of action alleging assault, the plaintiff failed to establish, prima facie, that the “physical conduct” of the defendant placed the plaintiff “in imminent apprehension of harmful contact” (Fugazy v Corbetta, 34 AD3d at 729 [internal quotation marks omitted]; see Cotter v Summit Sec. Servs., Inc., 14 AD3d 475 [2005]; Bastein v Sotto, 299 AD2d at 433), or that the defendant intended either to inflict physical injury or “to arouse apprehension of harmful bodily contact” (Dykstra v Partridge, 144 AD2d 337, 338 [1988]; see Salimbene v Merchants Mut. Ins. Co., 217 AD2d 991, 994 [1995]; Trott v Merit Dept. Store, 106 AD2d 158 [1985]). As the plaintiff failed to demonstrate her prima facie entitlement to judgment as a matter of law, the burden never shifted to the defendant to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly denied the plaintiff’s motion for summary judgment.
Rivera, J.E, Balkin, Hinds-Radix and Maltese, JJ., concur.