◼ MELANIE BUTLER, Respondent, v MAGNET SPORTS & ENTERTAINMENT LOUNGE, INC., Doing Business as MAGNET SPORTS & ENTERTAINMENT LOUNGE and Another, Defendant, and MORAIS DICKS, Appellant. [23 NYS3d 299]—

In an action to recover damages for personal injuries, the defendant Morais Dicks appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered August 19, 2014, as denied his cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

"When a party moves to dismiss a complaint pursuant to

CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action. In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one . . . [The motion] must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (*Thaw v North Shore Univ. Hosp.*, 129 AD3d 937, 938 [2015] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *"John Doe 1" v Board of Educ. of Greenport Union Free Sch. Dist.*, 100 AD3d 703, 705 [2012]). " 'To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact' " (*Fugazy v Corbetta*, 34 AD3d 728, 729 [2006], quoting *Cotter v Summit Sec. Servs., Inc.*, 14 AD3d 475, 475 [2005]). Here, the evidentiary material submitted by the defendant Morais Dicks failed to demonstrate that the plaintiff did not have a cause of action against him to recover damages for assault.

With respect to that branch of the cross motion which was for summary judgment, Dicks failed to establish, prima facie, that his physical conduct did not place the plaintiff in imminent apprehension of harmful conduct (*see Fugazy v Corbetta*, 34 AD3d at 729; *Dykstra v Partridge*, 144 AD2d 337 [1988]). Since he failed to meet his initial burden as the movant, the burden never shifted to the plaintiff to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied Dicks's cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him. Dillon, J.P., Austin, Roman and Barros, JJ., concur.