Matter of P.S. v Pleasantville Union Free Sch. Dist. (2019 NY Slip Op 00282)





Matter of P.S. v Pleasantville Union Free Sch. Dist.


2019 NY Slip Op 00282


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-13345
 (Index No. 58094/16)

[*1]In the Matter of P.S., etc., et al., appellants,
v
Pleasantville Union Free School District, et al., respondents.


Asher, Gaughran LLP, Armonk, NY (Rachel Asher of counsel), for appellants.
Lewis R. Silverman, White Plains, NY (Karen C. Rudnicki of counsel), for respondents.
Ellen Saideman, Somers, NY, for amicus curiae Council of Parent Attorneys and Advocates, Inc.
In an action, inter alia, to recover damages for negligence, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated November 23, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was



DECISION & ORDER
pursuant to CPLR 3211(a)(2) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(2) to dismiss the complaint is denied.
In June 2016, the plaintiffs, individually and as parents on behalf of their infant child, commenced this action against the defendants asserting, inter alia, causes of action alleging negligence and negligent supervision, hiring, training, and retention. The complaint alleged, among other things, that the defendants were aware that the infant plaintiff had been diagnosed with anxiety and depression, that she had been hospitalized multiple times as a result, and that the defendants had represented to the plaintiffs that the infant plaintiff would receive appropriate therapeutic support while she was at school. The complaint further alleged that, on March 11, 2015, the infant plaintiff left school during the day without the knowledge of the defendants, went home, and attempted to commit suicide. The plaintiffs sought to recover damages for, inter alia, their psychological trauma, pain and suffering, and loss of reputation, as well as the infant plaintiff's physical harm.
The defendants moved, inter alia, pursuant to CPLR 3211(a)(2) to dismiss the complaint for lack of subject matter jurisdiction. The defendants argued that the complaint alleged that the defendants had provided inadequate educational services to the infant plaintiff under the Individuals with Disabilities Education Act (hereinafter IDEA) (20 USC § 1400 et seq.) and the plaintiffs failed to exhaust the IDEA's administrative remedies prior to commencing the instant action. The Supreme Court granted that branch of the defendants' motion which was to dismiss the complaint for lack of subject matter jurisdiction. The plaintiffs appeal.
The IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs" (20 USC § 1400[d][1][a]; see Matter of Northeast Cent. School Dist. v Sobol, 79 NY2d 598, 603; Begley v City of New York, 111 AD3d 5, 24). The term "free appropriate public education" is defined, in part, as one that is in conformity with the child's Individualized Education Program (hereinafter IEP) (20 USC § 1401[9][D]; see Fry v Napoleon Community Schools, ___ US ___, ___137 S Ct 743, 749). "An IEP is developed jointly by a school official, the child's teacher and parents, and, where appropriate, the child. It details the special needs of a disabled child and the services which are to be provided to serve the individual needs of that child" (Matter of Northeast Cent. School Dist. v Sobol, 79 NY2d at 603; see Fry v Napoleon Community Schools, ___ US at ___, 137 S Ct at 749; Begley v City of New York, 111 AD3d at 24). Because parents and school officials sometimes cannot agree on such issues, the IDEA establishes formal administrative procedures for resolving disputes (see 20 USC § 1415[b][6]; [e], [f], [g]; Fry v Napoleon Community Schools, ___ US at ___, 137 S Ct at 749). If a parent is dissatisfied with the outcome after having exhausted the IDEA's administrative remedies, the parent may then seek judicial review by filing a civil action in state or federal court (see 20 USC § 1415[i][2][A]). The IDEA's exhaustion requirement is not limited to actions brought explicitly pursuant to the IDEA. 20 USC § 1415(l) states: "Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter."
Here, the complaint alleges only common-law causes of action to recover damages for, inter alia, negligence, negligent supervision, hiring, training, and retention, and loss of consortium. Thus, the plaintiffs were not required to exhaust the IDEA's administrative remedies before commencing the instant action (see Moore v Kansas City Pub. Schs., 828 F3d 687, 693 [8th Cir]; Miksis v Evanston Twp. High Sch. Dist. # 202, 235 F Supp 3d 960, 986 [ND Ill]; D.G. v Somerset Hills Sch. Dist., 559 F Supp 2d 484, 503 n 7 [D NJ]; see also Nicholson v Freeport Union Free School Dist., 74 AD3d 926). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(2) to dismiss the complaint.
In light of our determination, the parties' remaining contentions need not be addressed.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court