Donnelly v Christian (2020 NY Slip Op 02279)





Donnelly v Christian


2020 NY Slip Op 02279


Decided on April 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2020

Renwick, J.P., Oing, Singh, Moulton, JJ.


155023/15 -1242 11388

[*1]Brian Patrick Donnelly,Plaintiff-Respondent,
v
Stephen L. Christian, Defendant-Appellant.


Wade Clark Mulcahy LLP, New York (George Parpas of counsel), for appellant.
Bisogno & Meyerson, LLP, Brooklyn (Elizabeth Mark Meyerson of counsel), for respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered May 22, 2019, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing plaintiff's claim for assault, unanimously affirmed, without costs.
Plaintiff alleged that he was injured when, as he was attempting to sit down, defendant, his coworker, pulled his chair out from under him, causing him to fall to the ground. After plaintiff's accident, the Workers' Compensation Board determined that he was entitled to benefits for a work-related injury.
An employee's rights to Workers' Compensation benefits is the employee's exclusive remedy against his employer or coemployee for injuries sustained during his employment (see Workers' Compensation Law §§ 11, 29[6]); Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 357 [2007]). The Workers' Compensation Law, however, does not prevent an employee from recovering for intentional torts, such as an assault (see Hanford v Plaza Packaging Corp., 2 NY3d 348, 350 [2004]; Maines v Cronomer Val. Fire Dept., 50 NY2d 535, 543 [1980]).
Here, the motion court properly denied defendant's motion for summary judgment dismissing the claim for assault. There are issues of fact as to whether defendant's conduct placed plaintiff in "imminent apprehension of harmful contact" (Fugazy v Corbetta, 34 AD3d 728, 729 [2d Dept 2006] [internal quotation marks omitted]; see Nicholson v Luce, 55 AD3d 416 [1st Dept 2008]).
We have considered defendant's remaining contentions and find them unavailing.
M-1242 - Donnelly v Christian
Motion for stay denied as academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2020
CLERK