Corcoran v City of New York (2020 NY Slip Op 05133)





Corcoran v City of New York


2020 NY Slip Op 05133


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 162529/2015 Appeal No. 11858 Case No. 2020-02072 

Before: Friedman, J.P., Mazzarelli, Kern, Kennedy, JJ. 


[*1]George Corcoran, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Rubenstein & Rynecki, Brooklyn (Harper A. Smith of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered October 29, 2019, which, insofar as appealed from as limited by the briefs, granted the motion of defendants City of New York and Police Officer Mitovich to dismiss plaintiff's assault and battery claim and his 42 USC § 1983 claim, unanimously reversed, on the law, without costs, and the motion denied.
The allegations in the complaint, as amplified by the notice of claim, which must be liberally construed when determining a CPLR 3211(a)(7) motion (see Scollar v City of New York, 160 AD3d 140, 144 [1 st Dept 2018]), sufficiently set forth a claim for assault and battery. Plaintiff alleged that he was assaulted and battered by police during his arrest and suffered injuries that required hospital treatment. Plaintiff specified the location of the assault and stated that defendants committed the assault and battery knowingly, that the arrest was without probable cause and that he was not ultimately charged with a crime. Moreover, in the notice of claim, plaintiff alleged that he was "grabbed, had his arms twisted and forcefully handcuffed," that he was physically abused and that he did not resist arrest.
"To plead a cause of action to recover damages for assault, a plaintiff must allege intentional physical conduct placing the plaintiff in imminent apprehension of harmful contact" (Gould v Rempel, 99 AD3d 759, 760 [2d Dept 2012] [internal quotation marks omitted]). "A valid claim for battery exists where a person intentionally touches another without that person's consent" (Wende C. v. United Methodist Church, 4 NY3d 293, 298 [2005], cert denied 546 US 818 [2005]). Here, the complaint, along with the notice of claim, sufficiently allege facts necessary to substantiate a valid cause of action for assault and battery.
Defendants' assertion that they were prejudiced by plaintiff's lack of specificity is unavailing. This is not a case where plaintiff's claims are unclear or ambiguous, and defendants, who attached the notice of claim to their motion papers as an exhibit, cannot reasonably claim to have been unaware of the allegations made therein.
Furthermore, plaintiff's cause of action under 42 USC § 1983 was improperly dismissed. Contrary to defendants' contention, a party may allege assault and battery as the basis for a suit under 42 USC § 1983 (see Holland v City of Poughkeepsie, 90 AD3d 841, 846-847 [2d Dept 2011]). "[A] person has a private right of action under 42 USC § 1983 against police officers who, acting under color of law, violate federal constitutional
or statutory rights. A complaint alleging gratuitous or excessive use of force by a police officer states a cause of action under the statute against that officer" (Delgado v City of New York, 86 AD3d 502, 511 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020