Jones v City of New York (2022 NY Slip Op 03505)





Jones v City of New York


2022 NY Slip Op 03505


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2020-02981
 (Index No. 1220/14)

[*1]Donje Jones, respondent,
v
City of New York, et al., appellants.


Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Ashley R. Garman of counsel), for appellants.
Law Offices of Wale Mosaku, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the defendants appeal from an order of the Supreme Court, Kings County (Richard N. Allman, Ct. Atty. Ref.), dated January 9, 2020. The order granted the plaintiff's motion pursuant to 42 USC § 1988 for an award of attorney's fees and costs.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to 42 USC § 1988 for an award of attorney's fees and costs is denied.
On October 6, 2011, the plaintiff was arrested for a shooting that had occurred in Brooklyn two days earlier. Thereafter, the plaintiff was indicted and detained at Rikers Island. On or about August 5, 2013, the charges were dismissed. In January 2014, the plaintiff commenced this action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983. The plaintiff alleged false arrest and malicious prosecution based on the actions of the defendant Michael Grayson, a detective with the New York City Police Department (hereinafter NYPD). The plaintiff also alleged that the defendant Andrew Ottaka, who was also a detective with the NYPD, failed to intervene and prevent the plaintiff's unlawful arrest.
After trial, a jury verdict was rendered, inter alia, in favor of the plaintiff on the causes of action alleging false arrest and failure to intervene. The defendants thereafter moved pursuant to CPLR 4044(a) to set aside the verdict to the extent it was favorable to the plaintiff, and for judgment as a matter of law dismissing the complaint. The Supreme Court denied the motion, and thereafter entered judgment that was, in part, in favor of the plaintiff.
The plaintiff subsequently moved pursuant to 42 USC § 1988 for an award of attorney's fees and costs on the basis that he was the "prevailing party" at trial. The Supreme Court granted the motion, and the defendants appeal.
The plaintiff is not entitled to an award of attorney's fees or costs pursuant to 42 USC § 1988, since, in light of our disposition of a related appeal (Jones v City of New York, _____ AD3d _____ [Appellate Division Docket No. 2019-04410; decided herewith]), he is not a prevailing party (see Vargas v City of New York, 105 AD3d 834, 835; Nicholson v Freeport Union Free School Dist., [*2]74 AD3d 926, 928).
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court