M.P. v Wilson

2026 NY Slip Op 01954

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

M. P., appellant,

v

Joshua Allen Wilson, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2025-04292, (Index No. 612308/24)

Lara J. Genovesi, J.P.

William G. Ford

Lourdes M. Ventura

Susan Quirk, JJ.

Matt Bryant, Mineola, NY, for appellant.

The Disken Law Firm, P.C., Massapequa, NY (Amanda R. Disken of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for battery and negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Gary M. Carlton, J.), dated March 11, 2025. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In July 2024, the plaintiff commenced this action against the defendant to recover damages for battery and negligence. The complaint alleged, inter alia, that the parties engaged in consensual unprotected sexual intercourse, during which the defendant allegedly "inseminated" the plaintiff without her consent, resulting in the plaintiff's ectopic pregnancy, internal bleeding, miscarriage, and salpingectomy. The defendant interposed an answer asserting various affirmative defenses. Thereafter, the defendant moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. In an order dated March 11, 2025, the Supreme Court, inter alia, granted that branch of the defendant's motion. The plaintiff appeals.

On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88).

"To recover damages for battery, a plaintiff must prove that there was bodily contact, that the contact was offensive, i.e., wrongful under all of the circumstances, and intent to make the contact without the plaintiff's consent" (Higgins v Hamilton, 18 AD3d 436, 436; see Hines v Westchester County, 207 AD3d 621, 622; Thaw v North Shore Univ. Hosp., 129 AD3d 937, 938-939). Here, the plaintiff failed to state a cause of action to recover damages for battery. The allegations contained in the complaint demonstrate that the plaintiff consented to the bodily contact at issue.

"The elements of a common-law negligence cause of action are a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting therefrom" [*2](Jiminez v Shahid, 83 AD3d 900, 901). "In the absence of a duty, as a matter of law, there can be no liability" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825). Here, the plaintiff failed to state a cause of action to recover damages for negligence. Under the circumstances of this case in which the plaintiff consented to unprotected sexual intercourse with the defendant and did not allege that she withdrew her consent, the defendant did not owe the plaintiff a duty of care.

The parties' remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.

GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court