# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**570**
**CA 15-01427**
PRESENT: SMITH, J.P., CARNI, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

JAMES MYKYTYN, PLAINTIFF-RESPONDENT-APPELLANT,

V

MEMORANDUM AND ORDER

HANNAFORD BROS. CO., DOING BUSINESS AS HANNAFORD
SUPERMARKETS, BOB SCHNEIDER, DAVID ROSATI, ET AL.,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

HARRIS BEACH PLLC, SYRACUSE (TED H. WILLIAMS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

BOSMAN LAW FIRM, L.L.C., CANASTOTA (A.J. BOSMAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered May 14, 2015. The order granted in part and denied in part the motion of defendants for summary judgment dismissing the second amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified by denying that part of the motion with respect to the eighth and twelfth causes of action, and reinstating those causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, employment discrimination pursuant to the New York State Human Rights Law (Executive Law § 290 *et seq.*) and Title VII of the Civil Rights Act of 1964 ([Title VII] 42 USC § 2000e *et seq.*) by his employer, defendant Hannaford Bros. Co., doing business as Hannaford Supermarkets (Hannaford), and defendants-coemployees David Rosati and Bob Schneider. Plaintiff's second amended complaint alleges that while employed by Hannaford in the meat department he was subjected to a course of sexual harassment directed at him by Schneider that included calling plaintiff sexy; stating that plaintiff wore too much clothing for Schneider's liking; making sexually suggestive noises directed at plaintiff; engaging in acts of physical intimidation; belittling plaintiff when he needed to use the restroom and making patronizing comments about plaintiff's "wee wee"; following plaintiff into the bathroom to intimidate him; intentionally working in close quarters so that his buttocks would rub against plaintiff; making sexually suggestive gestures and comments with respect to meat products directed at plaintiff; and carving meat products into phallic shapes and leaving them for plaintiff to finish processing. Plaintiff further alleged that he complained to, inter alia, Rosati, the meat

department manager, about Schneider's conduct, but Rosati took no action and failed to report plaintiff's complaints to upper management at Hannaford.

Following the completion of discovery, defendants moved for summary judgment seeking dismissal of the second amended complaint. Supreme Court granted the motion with respect to that part of the third cause of action asserting against Schneider a claim of reckless infliction of emotional distress; the fourth through eighth causes of action; that part of the ninth cause of action asserting against Schneider a claim of aiding and abetting violations of the Human Rights Law; that part of the tenth cause of action asserting against Hannaford a claim of discrimination in violation of the Human Rights Law; the eleventh and twelfth causes of action; and that part of the thirteenth cause of action asserting against Hannaford a claim of discrimination in violation of Title VII. The court otherwise denied the motion. Defendants appeal and plaintiff cross-appeals.

At the outset, we reject defendants' contention that the court erred in denying their request to strike factual allegations that concern events that would be time-barred if advanced by plaintiff as a basis for recovery. It is well settled that an earlier discriminatory practice "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue" (*United Air Lines v Evans*, 431 US 553, 558; *see also Malarkey v Texaco, Inc.*, 983 F2d 1204, 1211; *Ganguly v New York State Dept. of Mental Hygiene-Dunlap Manhattan Psychiatric Ctr.*, 511 F Supp 420, 427).

We reject defendants' further contention that the court erred in denying the motion with respect to the first cause of action, against Schneider for assault. Defendants' own submissions in support of the motion raise issues of fact whether Schneider engaged in physical conduct that placed plaintiff in imminent apprehension of harmful contact (*see Cotter v Summit Sec. Servs., Inc.*, 14 AD3d 475, 475; *Bastein v Sotto*, 299 AD2d 432, 433). Similarly, with respect to the second cause of action, against Schneider for battery, defendants' own submissions raise issues of fact whether Schneider intentionally made bodily contact of an offensive nature with plaintiff (*see Cerilli v Kezis*, 16 AD3d 363, 364; *Tillman v Nordon*, 4 AD3d 467, 468). The court also properly denied the motion with respect to that part of the third cause of action asserting a claim against Schneider for intentional infliction of emotional distress. Defendants' own submissions, including plaintiff's deposition transcript, raise issues of fact whether Schneider subjected plaintiff to a course of conduct sufficiently outrageous to support a claim for intentional infliction of emotional distress (*see Cavallaro v Pozzi*, 28 AD3d 1075, 1078-1079; *see generally Nader v General Motors Corp.*, 25 NY2d 560, 569).

Defendants failed to preserve for our review their contention that the court erred in denying the motion with respect to the tenth and thirteenth causes of action insofar as they assert against Hannaford claims of unlawful retaliation under the Human Rights Law (*see* Executive Law § 296 [7]), as well as Title VII (*see Matter of Santoshia L.*, 202 AD2d 1027, 1028), and that contention lacks merit in

any event (*see generally Zann Kwan v Andalex Group LLC*, 737 F3d 834, 843-845).

We reject defendants' contention that the court erred in denying that part of the motion with respect to the ninth cause of action insofar as that cause of action asserts against Rosati a claim of aiding and abetting Schneider's alleged violations of the Human Rights Law (*see* Executive Law § 296 [6]; *Nesathurai v University at Buffalo, State Univ. of N.Y.*, 23 AD3d 1070, 1072).  Contrary to defendants' contention, we conclude that plaintiff alleged facts sufficient to state a claim against Rosati individually for aiding and abetting the alleged discriminatory conduct (*see Moskal v Utica Coll.*, 59 AD3d 956, 957; *Mitchell v TAM Equities, Inc*., 27 AD3d 703, 707; *Murphy v ERA United Realty*, 251 AD2d 469, 472).

We agree with plaintiff on his cross appeal that the court erred in granting that part of the motion seeking dismissal of plaintiff's eighth and twelfth causes of action asserting against Hannaford claims premised on hostile work environment under the Human Rights Law (*see* Executive Law § 296 [1] [a]) and Title VII.  We note that plaintiff does not contend that Schneider was plaintiff's supervisor, and Hannaford concedes that he was not.  Thus, it is clear that plaintiff is not asserting claims of hostile work environment under a supervisor-based strict liability theory (*see Vance v Ball State University*, ___ US ___, ___, 133 S Ct 2434, 2448), but instead under a negligence theory.  To establish that an employer was negligent in the context of a claim of hostile work environment, a plaintiff "must demonstrate that [his] employer 'failed to provide a reasonable avenue for complaint' or that 'it knew, or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action' " (*Duch v Jakubek*, 588 F3d 757, 762).  Although we agree with defendants that they established on their motion that Hannaford had a reasonable avenue for complaint in place with respect to sexual harassment in the workplace, their submissions raise issues of fact whether plaintiff complained to Rosati, and whether Rosati was " 'charged with a duty to inform the company of the harassment' " and failed to do so (*Duch*, 588 F3d at 763).  We therefore conclude that the court erred in granting the motion with respect to the eighth and twelfth causes of action, and we therefore modify the order accordingly.

Entered:  July 8, 2016                          Frances E. Cafarell
                                                Clerk of the Court