Budha T. v State of New York (2020 NY Slip Op 05966)





Budha T. v State of New York


2020 NY Slip Op 05966


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2019-05898

[*1]Budha T., respondent, 
v
State of New York, appellant. (Claim No. 129721)


Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Blair J. Greenwald of counsel), for appellant.
Budha T., Wallkill, NY, respondent pro se.



DECISION & ORDER
In a claim, inter alia, to recover damages for emotional distress, the defendant appeals from an order of the Court of Claims (Faviola A. Soto, J.), dated February 5, 2019. The order, insofar as appealed from, denied that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the claim as was predicated upon a purported common-law cause of action to recover damages for sexual harassment.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the claim as was predicated upon a purported common-law cause of action to recover damages for sexual harassment is granted.
The pro se claimant, a prison inmate who identifies as transgender, commenced this claim against the State of New York, alleging, inter alia, that he was subjected to sexual harassment by various correction officers when he was forced to undergo a second strip search and visual body cavity search upon his transfer from Otisville Correctional Facility to Fishkill Correctional Facility.
The claimant subsequently moved for summary judgment on the claim, and the State cross-moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss so much of the claim as was predicated upon a purported common-law cause of action to recover damages for sexual harassment. The State did not seek dismissal of the claim to the extent that it sought to recover damages for constitutional violations arising from the alleged sexual harassment.
In an order dated February 5, 2019, the Court of Claims, inter alia, denied that branch of the State's cross motion which was to dismiss so much of the claim as was predicated upon a purported common-law cause of action to recover damages for sexual harassment. The State appeals.
We agree with the State that New York does not recognize an independent, common-law cause of action to recover damages for sexual harassment (see Canosa v Ziff, 2019 WL 498865, *17, 2019 US Dist LEXIS 13263, *42-43 [SD NY, Jan. 28, 2019, No. 18 Civ 4115 (PAE)]; S.R. ex rel. M.R. v Turnbull, 2013 WL 1285411, *2 n 2, 2013 US Dist LEXIS 45026, *4-5, *4 n 2 [SD NY, Mar. 28, 2013, No. 1:12 C 1052 (MEA)]; cf. Ex parte Carlisle, 26 So 3d 1202, 1204 n 1 [Ala Sup [*2]Ct]; Taylor v Stevenson, 820 So 2d 810, 811 [Ala Sup Ct]; Myers v Trendwest Resorts, Inc., 148 Cal App 4th 1403, 1426; Griffin v Acacia Life Ins. Co., 925 A2d 564, 577 [DC Ct App]; McClements v Ford Motor Co., 473 Mich 373, 382, 702 NW2d 166, 171; White v Benedict College, Inc., 288 SC 572, 573, 344 SE2d 147, 148). Rather, allegations of sexual harassment—which typically arise in the context of an asserted violation of Title VII of the Civil Rights Law of 1964 (42 USC, ch 21, § 2000e et seq.), the New York State Human Rights Law (Executive Law § 296), and/or the New York City Human Rights Law (Administrative Code of City of NY § 8-107)—may form the basis of cognizable common-law tort theories such as, inter alia, assault and battery, negligent training and supervision, and intentional infliction of emotional distress (see e.g. Rodriguez v Dickard Widder Indus., 150 AD3d 1169; Mykytyn v Hannaford Bros. Co., 141 AD3d 1153; Capellan v Marsh, 71 AD3d 505).
Accordingly, the Court of Claims should have granted that branch of the State's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the claim as was predicated upon a purported common-law cause of action to recover damages for sexual harassment.
To the extent that the claimant argues in opposition to the State's cross motion and on appeal that the claim sets forth a cause of action to recover damages for sexual harassment pursuant to Executive Law § 296, that statute is inapplicable under the circumstances of this case (see Executive Law § 296[1][h]; [4]; Matter of Malcolm v New York State Dept. of Labor, 122 AD3d 1318, 1319; Capellan v Marsh, 71 AD3d at 505).
DILLON, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court