Fay v Troy City Sch. Dist. (2021 NY Slip Op 05002)





Fay v Troy City Sch. Dist.


2021 NY Slip Op 05002


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

532402
[*1]Kelly L. Fay, Respondent,
v
Troy City School District et al., Appellants.

Calendar Date:August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Guercio & Guercio, LLP, Latham (Anthony J. Fasano of counsel), for appellants.
Martin, Harding & Mazzotti LLP, Niskayuna (Peter Balouskas of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Mackey, J.), entered November 4, 2020 in Rensselaer County, which, among other things, partially denied defendants' motion to dismiss certain causes of action in the complaint.
In July 2020, plaintiff commenced this personal injury action pursuant to the Child Victims Act (see CPLR 214-g), alleging that a physical education teacher and swim coach employed by defendant Troy City School District perpetrated acts of sexual abuse against him during the years of 1971 through 1973. Prior to answering, defendants moved pursuant to CPLR 3211 (a) (7) to dismiss plaintiff's causes of action for sexual battery, premises liability and negligent infliction of emotional distress and to dismiss so much of plaintiff's negligent supervision cause of action as was based upon a theory of respondeat superior. Supreme Court partially granted defendants' motion by dismissing the cause of action for sexual battery, as well as that part of the negligent supervision cause of action premised upon the theory of respondeat superior, but otherwise denied the motion. Defendants appeal.
Defendants assert that Supreme Court should have dismissed plaintiff's causes of action for premises liability and negligent infliction of emotional distress. We agree. The conduct complained of in the causes of action for premises liability and negligent infliction of emotional distress falls entirely within the scope of plaintiff's separate causes of action for negligence, negligent supervision and negligent retention (see Steven B. v Westchester Day School, 196 AD3d 624, 625 [2021]). Thus, the premises liability and negligent infliction of emotional distress claims must be dismissed as duplicative of the negligence, negligent supervision and negligent retention claims (see Nouel v 325 Wadsworth Realty LLC, 112 AD3d 493, 494 [2013], lv denied 23 NY3d 904 [2014]; Demas v Levitsky, 291 AD2d 653, 660 [2002], lv dismissed 98 NY2d 728 [2002]; Sweeney v Prisoners' Legal Servs. of N.Y., 146 AD2d 1, 7 [1989], lv dismissed 74 NY2d 842 [1989]). Plaintiff may recover for emotional distress caused by defendants' alleged conduct under the causes of action for negligence, negligent supervision and/or negligent retention (see generally Ornstein v New York City Health & Hosps. Corp., 10 NY3d 1, 6 [2008]; Martinez v Long Is. Jewish Hillside Med. Ctr., 70 NY2d 697, 699 [1987]).
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to dismiss the premises liability and negligent infliction of emotional distress causes of action; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.