Doe v Doe (2024 NY Slip Op 51143(U))

[*1]

Doe v Doe

2024 NY Slip Op 51143(U)

Decided on September 3, 2024

Supreme Court, Richmond County

Ozzi, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 3, 2024
Supreme Court, Richmond County

Joan Doe (a pseudonym pursuant to Court Order), Plaintiff,

against
Jane Doe (a pseudonym pursuant to Court Order), Defendant.

Index No. 100002/2022 

Christopher M. Van de Kieft, PLLC 
2095 Broadway, Suite 407, New York, NY 10023 
Phone:917-693-3083
For Plaintiff
Robert E. Brown, P.C. 
1200 South Avenue Suite 201, 
Staten Island, NY 10314 
Phone:718 979 9779
For Defendant

Wayne M. Ozzi, J.

The Court heard argument and the following papers were read and considered in the aforementioned motion fully submitted on May 30, 2024: NYSCEF Doc. Nos. 91-100.[FN1]

Plaintiff moves for an order (1) dismissing the Defendant's Counterclaims Two, Four, Five, Six, Seven, and Eight and (2) partially dismissing Counterclaim Three, pursuant to CPLR sections 3211(a)(5) and 3211(a)(7). Defendant opposes the Plaintiff's motion. The Court grants the Plaintiff's motion in part and denies the Plaintiff's motion in part, as indicated herein below. BACKGROUND
The Plaintiff alleges that the Defendant defamed her by posting statements on social media accusing the Plaintiff of sexually assaulting the Defendant. The Defendant contends that this sexual activity was not consensual and constituted sexual assault. The Plaintiff alleges that any sexual activity was consensual.
After the alleged incident, the Plaintiff alleges that the Defendant posted statements on social media accusing the Plaintiff of sexual assault and rape. The Plaintiff further alleges that these statements are defamatory. The Defendant points out that, in electronic messages, the Plaintiff admitted that what had occurred was sexual assault, and that the Defendant was too intoxicated to consent. The Plaintiff now repudiates these admissions as she claims she was pressured by the Defendant to make the admissions.
The Plaintiff filed this action for defamation on January 25, 2022. The Defendant answered the Summons and Complaint on March 30, 2022.
On July 13, 2023, the Defendant moved to dismiss the Complaint pursuant to CPLR§ 3216, or, in the alternative, transfer the case to the Civil Court pursuant to CPLR§ 325(d) (MS001). On September 29, 2023, this Court ruled that, to the extent the Complaint sought a permanent injunction, the Defendant's motion to dismiss was granted. But this Court also held that the Defendant's motion to dismiss for failure to prosecute pursuant to CPLR§ 3216 was denied, along with the Defendant's alternative request to transfer the case to the Civil Court, because the Plaintiff may recover damages beyond the jurisdiction of the Civil Court.
Further, on February 29, 2024, this Court denied the Plaintiff's motion to compel disclosure (MS002) and granted the Defendant's motion to file an amended answer with counterclaims (MS003). This Court also granted the Defendant's motion for a protective order only to the extent that the Court denied the Plaintiff's motion to compel disclosure, otherwise the motion was denied. Lastly, this Court granted the Defendant's motion to proceed under a pseudonym rather than her legal name.
On March 15, 2024, the Defendant filed her Amended Answer, wherein the Defendant asserted ten affirmative defenses and eight counterclaims against the Plaintiff.
The Plaintiff now moves for an order pursuant to CPLR§§ 3211(a)(5) and 3211(a)(7), (1) dismissing the Defendant's Counterclaims Two, Four, Five, Six, Seven, and Eight; and (2) partially dismissing Counterclaim Three (MS004).
DISCUSSION
A complaint need only contain "[s]tatements . . . sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action." CPLR§ 3013.
The Plaintiff moved pursuant to CPLR§§ 3211(a)(5) and (7) to dismiss certain counterclaims made by the Defendant in her Amended Answer. However, the Plaintiff has conceded that her motion to dismiss predicated on CPLR§ 3211(a)(5) (statute of limitations) was untimely and withdraws her objection on that ground. As such, the Court will not consider the motion to dismiss arguments made pursuant to CPLR§ 3211(a)(5).[FN2]

On a motion to dismiss pursuant to CPLR§ 3211(a)(7) for failure to state a cause of action, "the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Hughes v. Vento, 226 AD3d 753, 754 (2d Dept 2024)). 
"A motion to dismiss merely addresses the adequacy of the pleading, and does not reach the substantive merits of a party's cause of action. 'Therefore, whether the pleading will later survive a motion for summary judgment, or whether the party will ultimately prevail on the claims, is not relevant on a pre-discovery motion to dismiss' " Oluwo v. Sutton, 206 AD3d 750, 752 (2d Dept 2022) quoting Kaplan v. New York City Dept. of Health & Mental Hygiene, 142 AD3d 1050, 1051 (2d Dept 2016).
COUNTERCLAIM TWO - BATTERY
Plaintiff initially sought dismissal of this counterclaim solely on Statute of Limitations grounds, asserting that, as an intentional tort, it is barred by the one-year limitation period. Accordingly, that branch of the motion to dismiss the Second Counterclaim is DENIED having been withdrawn by the Plaintiff.
COUNTERCLAIM THREE — VIOLATIONS OF PENAL LAW SECTIONS 130
The Defendant interposed counterclaims alleging violations of Penal Law§§ 130.05, 130.20, 130.40, 130.45, 130.50, 130.52, 130.55, 130.60, and 130.65.
CPLR§ 213-c creates a private right of action for certain sexual offenses. CPLR 213-c lists the sexual offenses that "may be brought against any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of said conduct, within twenty years." The statute notes numerous Penal Law sections that, if violated, create a private right of action for "any person for physical, psychological or other injury or condition suffered by such person as a result of conduct that would constitute [the listed offenses]" CPLR§ 213-c.
"In order to avail itself of the extended limitation period, a party must allege conduct that violates" those certain sexual offenses. (Parker v. Rubin, No. 650126/2018, 2019 WL 646405, *3 (Sup. Ct., New York Cty. February 13, 2019)). Although no longer an issue in this motion, the Court notes that the Statute of Limitations for such negligent conduct is twenty years. (CPLR §213-c).
Here, of the nine alleged violations of Penal Law§ 130, only two of the allegedly violated sections are listed in CPLR§ 213-c: Penal Law§ 130.50 and Penal Law§ 130.40.
Several courts of non-controlling jurisdiction have found that a plaintiff "may assert a civil cause of action for the alleged crimes under CPLR§ 213-c." (Volpe v. Paniccioli, 57 Misc 3d 1219[A], *1 n.1 (Sup. Ct., New York Cty. November 15, 2017); Parker v. Rubin, No. 650126/2018, 2019 WL 646405, *4 (Sup. Ct., New York Cty. February 13, 2019); Haggis v. Breest, 2018 WL 4698660, *23 (Sup. Ct., New York Cty. August 15, 2018) ("CPLR§ 213-c . . . makes clear that the intent of the legislature is to allow for a private right of action that identifies and relates the facts to the specified Penal Law provisions"). Further, "[a] claim brought under CPLR§ 213-c does not require that a criminal charge be brought or that a criminal conviction be obtained against a defendant, and the rules governing criminal procedures are not applicable to a claim brought pursuant to CPLR§ 213-c" (Doe v. Duff, 2023 WL 6535288, *2 [*2](Sup. Ct., New York Cty. September 27, 2023)).
a. Penal Law Section 130.50
"A person is guilty of Criminal Sexual Act in the First Degree when he or she engages in oral sexual conduct or anal sexual conduct with another person . . . (1) By forcible compulsion; or (2) Who is incapable of consent by reason of being physically helpless; or (3) Who is less than eleven years old; or (4) Who is less than thirteen years old and the actor is eighteen years old or more." (Penal Law § 130.50). A violation of this statue is a Class B Felony.
The Plaintiff has conceded that the counterclaim for a violation of Penal Law Section 130.50 is properly pled. (Affirmation of Christopher M. Van de Kieff, Esq, 4/5/24, para 20). Accordingly, this counterclaim is validly pled pursuant to CPLR§ 213-c, and this branch of the motion to dismiss is hereby DENIED. 
b. Penal Law Section 130.40
"A person is guilty of Criminal Sexual Act in the Third Degree when . . . [h]e or she engages in oral sexual conduct or anal sexual conduct with a person who is incapable of consent by reason of some factor other than being less than seventeen years old." (Penal Law § 130.40(1)). A violation of this statute is a Class E Felony. 
The Defendant's counterclaim sufficiently pleads a cause of action for a violation of Penal Law Section 130.40 pursuant to CPLR§ 213-c. The Defendant alleged that the Plaintiff engaged in oral sexual conduct with the Defendant, who was incapable of consent due to her intoxicated state. This branch of the motion to dismiss this part of the counterclaim is DENIED. 
c. Penal Law Section 130.45(2)
"A person is guilty of Criminal Sexual Act in the Second Degree when ...he or she engages in oral of anal sexual conduct with another person who is incapable of consent by reason of being mentally disabled or mentally incapacitated. (Penal Law § 130.45(2)). Again, it is alleged that defendant was incapable of giving consent to the conduct at issue. Violation of the statute is a Class D felony. 
Defendant's counterclaim thus sufficiently pleads a cause of action for violation of Penal Law § 130 pursuant to § 213-c. That branch of the motion to dismiss this part of the counterclaim is DENIED. The remaining causes of action in this Counterclaim based on violations of Penal Law Article 130 are hereby DISMISSED.
COUNTERCLAIM FOUR — VIOLATION OF THE NEW YORK CITY GENDER-MOTIVATED VIOLENCE PROTECTION LAW
The Victims of Gender-Motivated Violence Protection Law ("VGM") "provides a civil cause of action for victims of crimes of violence 'committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender' (NYC Administrative Code § 10-1103) and allows a victim of such a gender-based violent crime to collect money damages from the perpetrator." (Breest v. Haggis, 180 AD3d 83, 88 (1st Dept 2019)).
The "VGM provides a civil cause of action for 'injur[y] by an individual who commit[ted] a crime of violence motivated by gender'" Breest, 180 AD3d at 88 quoting NYC Administrative Code § 10-1104. "The term 'crime of violence motivated by gender' is defined as a 'crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender'" (Breest, 180 AD3d at 88 quoting NYC AC§ 10-1103).
In Breest v. Haggis, the First Department found that the plaintiff-victim's allegations that [*3]she was raped and sexually assaulted were "sufficient to allege animus on the basis of gender" and that the victim "need not allege any further evidence of gender-based animus" (Breest, 180 AD3d at 94). The court went on to note that "the alleged rape and sexual assault was 'due, at least in part, to an animus based on the victim's gender' [and was] sufficiently pleaded by the nature of the crimes alleged" (Id).
Further, the Court explained that "[r]ape and sexual assault are, by definition, actions taken against the victim without the victim's consent. Without consent, sexual acts such as those alleged in the complaint are a violation of the victim's bodily autonomy . . . [m]alice or ill will based on gender is apparent from the alleged commission of the act itself. Animus inheres where consent is absent." (Id).
In this case, the Defendant has sufficiently pled a cause of action for violation of the VGM. In her Amended Answer, the Defendant pled that the Plaintiff allegedly committed acts of sexual misconduct against the Defendants, including sexual assault, sexual abuse, and molestation. The Defendant pled that these actions constituted gender-violence that was committed because of the Defendant's gender, or on the basis of her gender.
Plaintiff's assertion, that this cause of action must be dismissed because defendant has not shown any serious risk of physical injury, is to no avail. Defendant has claimed physical injury by reason of, inter alia, "physical intrusion" or "physical invasion of a sexual nature."
Thus, the Plaintiff's motion to dismiss this Defendant's counterclaim for a violation of the VGM is DENIED.
COUNTERCLAIM FIVE — SEXUAL HARASSMENT, PREDATORY GROOMING, SEXUAL EXPLOITATION, SEXUAL ASSAULT, SEXUAL ABUSE
a. Sexual Harassment
"A claim of sexual harassment may proceed on the theory that the discriminatory conduct was so pervasive as to alter the conditions of the victim's employment, that is, a hostile work environment theory, or on the theory that unwelcome sexual advances or other sexual conduct was the quid pro quo for promotions and other benefits" (Fella v. County of Rockland, 297 AD2d 813, 815 (2d Dept 2002)). Except for cases involving alleged sexual harassment in an employment or workplace environment, or violation of the Title VII of the Civil Rights Law of 1964, the New York Human Rights Law, or the New York City Human Rights Law, there is no recognized general civil cause of action for sexual harassment as between two individuals. (Budha v. State of New York, 187 AD3d 1090 (2d Dept)). 
As this case does not involve a workplace environment and has not been pleaded as such, the counterclaim does not sufficiently plead a cause of action for sexual harassment. Nor is harassment of any degree (Penal Law § 240.25 - 240.32) included in the list of criminal statutes under CPLR 213-c as the foundation for a civil cause of action. 
Plaintiff's motion to dismiss this part of Counterclaim Five is GRANTED.
b. Predatory Grooming
"Predatory grooming" appears to be a concept wherein a perpetrator engages in a series of manipulative behaviors for the purpose of gaining a victim's trust, in order to exploit them, often sexually. Although popular in the field of psychology as a basis of explaining how perpetrators are able to victimize their targets, it is not a theory supporting a separate, cognizable [*4]cause of action. Defendant cites no case authority for the proposition that such a cause of action exists. There is no private cause of action for predatory grooming in New York State. As such, the Defendant has not properly stated a cause of action for predatory grooming. Thus, the Plaintiff's motion to dismiss this part of Fifth Counterclaim is GRANTED.
c. Sexual Exploitation
Similarly, "sexual exploitation" appears to be a general concept describing abuse of another's vulnerability for sexual purposes to one's profit or advantage. While sexual exploitation may be achieved through criminal means, such as assault, kidnaping, coercion, extortion and the like, sexual exploitation as alleged herein, does not, in and of itself, constitute a separate, cognizable civil cause of action. Defendant cites no case authority for the proposition that such a cause of action exists.
Thus, plaintiff's motion to dismiss this part of the Sixth Counterclaim is GRANTED.
d. Sexual Assault
Courts have held that "there is no independent tort for sexual assault in New York." (Doe v. Hall, 64 Misc 3d 1211(A), *1, (Sup. Ct., New York Cty. July 1, 2019) citing Freihofer v. Hearst Corporation, 65 NY2d 135, 140 (1985)). As such, the Defendant has not properly stated a cause of action for sexual assault.
However, as a fair reading of this counterclaim can be construed to allege ordinary or common law assault, the Defendant has sufficiently pled a cause of action for assault. "To plead a cause of action to recover damages for assault, a plaintiff must allege intentional physical conduct placing the plaintiff in imminent apprehension of harmful contact'" (Gould v Rempel, 99 AD3d 759, 760 (2d Dept 2012) quoting Bastein v Sotto, 299 AD2d 432, 433 (2d Dept 2002)).
Here, the Defendant has sufficiently alleged that there was intentional physical conduct by the Plaintiff, which placed the Defendant in imminent apprehension of harmful contact. Thus, the Defendant has sufficiently pled a cause of action for assault. The motion to dismiss this part of the Fifth Counterclaim is DENIED.
e. Sexual Abuse
The Second Department has held that sexual abuse is an intentional tort, "regardless of how it is pleaded." (Karczewski v. Sharpe, 248 AD2d 679; see also Sharon B. v. Reverend S., 244 AD2d 878, 879 (4th Dept 1997); Doe v. Roe, 192 AD2d 1089, 1090 (4th Dept 1993) ("Plaintiff's injury was caused by alleged sexual abuse, an intentional tort")).
The Court finds that the Defendant has sufficiently pled a counterclaim for sexual abuse based on the allegations made in the Defendant's Amended Answer. Under the liberal construction of pleadings, the counterclaim gives notice to plaintiff of the transaction(s) to be proven, and the material elements of the cause of action. (Kraft v. Sheridan, 134 AD2d 217, 218). This is so even if the pleader does not identify her theory of recovery. (Id).
The motion to dismiss this part of the Fifth Counterclaim is DENIED. 
M24109
a. Criminal Sexual Battery
None of the Penal Law sections enumerated in CPLR 213-c include any asserting battery and no authority is known for the proposition that "criminal sexual battery" is recognized as a civil cause of action. 
The motion to dismiss this part of the Sixth Counterclaim is GRANTED. 
b. Civil Sexual Battery
There appears to be a cause of action recognized for civil sexual battery. (Wende C. v. United Methodist Church, 6 AD3d 1047, aff'd 4 NY 293, cert den. 546 US 818). In Wende C., the Fourth Department dismissed plaintiff's claims of sexual battery that occurred within one year prior to the commencement of the action, but only on its finding that there was no allegation of, nor evidence indicative of, a lack of consent on plaintiff's part. The Court went on to say that its "conclusion of the issue of ...liability for (sexual battery) ...would of course be different if force was alleged or if (plaintiff) suffered from some legal disability, such as ...physical helplessness." (Id. at 1049). 
The Court is aware of the case of Fay v. Troy City School District, 197 AD3d 1423, in which the Supreme Court dismissed a sexual battery cause of action, but it not was revealed in the appellate report the reasons why it was dismissed. So, the rationale of Wende C. is more persuasive. The motion to dismiss this part of the Sixth Counterclaim is DENIED.
COUNTERCLAIM SEVEN - CRIMINAL AND CIVIL SEXUAL ASSAULT
a. Criminal Sexual Assault
Under CPLR § 3013, the statements in a pleading must be sufficiently particular to give the court and parties notice of the transactions, occurrences or a series of transactions or occurrences intended to proved, and the material elements of each cause of action. In regard to the criminal sexual assault portion of this Counterclaim, Defendant does not state what statutory violation is being alleged regarding criminal sexual assault. However, the Counterclaim relies upon allegations of intentional physical conduct pled earlier in the amended answer (See Para. 46 and 47), and those claims arguably fall within the Penal Law sections enumerated in CPLR 213-c, particularly Penal Law Section 130.40, which addresses oral or anal sexual conduct with a person incapable of giving consent. Moreover, as further discussed below under subsection b., this counterclaim can be fairly construed to be based on ordinary or common law assault. For all of these reasons, the Counterclaim sufficiently states a cause of action for criminal sexual assault.
b. Civil Sexual Assault
"As the Court concluded regarding the Second and Fifth Counterclaims, "there is no independent tort for sexual assault in New York." (Doe v. Hall, 64 Misc 3d 1211(A), *1, (Sup. Ct., New York Cty. July 1, 2019) citing Freihofer v. Hearst Corporation, 65 NY2d 135, 140 (1985)). However, as before, a fair reading of this counterclaim can be construed to allege ordinary or common law assault. Thus, the Defendant has sufficiently pled a cause of action for assault. "To plead a cause of action to recover damages for assault, a plaintiff must allege intentional physical conduct placing the plaintiff in imminent apprehension of harmful contact'" (Gould v Rempel, 99 AD3d 759, 760 (2d Dept 2012) quoting Bastein v Sotto, 299 AD2d 432, 433 (2d Dept 2002)).
As both aspects of this Seventh Counterclaim focus on the imminent apprehension of harmful and injurious contact, the Court also notes the following regarding assault. An action for an assault need not involve physical injury, but only a grievous affront or threat to the person [*5]of the plaintiff; however, words without some menacing gesture or act accompanying them ordinarily will not be sufficient to state a cause of action. (Di Gilio v Burns Intl. Detective Agency, 46 AD2d 650, 650 (1974); Gould v. Rempel, 99 AD3d 759, 760, 951 N.Y.S.2d 677 (2012)). Here, because the Counterclaim relies upon allegations of intentional physical conduct pled earlier in the amended answer, it therefore comports with the standard discussed in De Gilio. 
The motion to dismiss this Counterclaim is DENIED in toto.
COUNTERCLAIM EIGHT — ABUSE OF PROCESS
"The elements of a cause of action alleging abuse of process are: '(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of process in a perverted manner to obtain a collateral objective'" (Hughes v. Vento, 226 AD3d at 753, 754 (2d Dept), quoting Curiano v. Suozzi, 63 NY2d 113, 116 (1984)).
"[T]he mere commencement of a civil action by summons and complaint does not constitute an abuse of process" (Tenore v. Kantrowitz, Goldhamer & Graifman, PC, 76 AD3d 556, 557 (2d Dept. 2010)). "[T]he gist of the tort is 'the improper use of process after it is issued' by 'an unlawful interference with one's person or property'" (Tenore, 76 AD3d at 557 quoting Williams v. Williams, 23 NY2d 592, 596 (1969)).
Also, "a malicious motive alone does not give rise to a cause of action for abuse of process" Tenore, 76 AD3d at 557 quoting Curiano v. Suozzi, 63 NY2d 113, 117 (1984)). "If process has a legitimate purpose . . . the allegation that it was misused does not suffice to state a claim for abuse of process" (Casa de Meadows Inc. (Cayman Islands) v. Zaman, 76 AD3d 917, 921 (1st Dept 2010)).
Last, the movant must allege that the defendant interfered with the movant's property rights after the issuance of process by resorting to a provisional remedy." (Tenore, 76 AD3d at 557).
Here, accepting the facts in the Amended Answer as true, and according the Defendant the benefit of every possible favorable inference, the Defendant has sufficiently alleged a cause of action for abuse of process. The Defendant alleges that the Plaintiff has unjustly brought this defamation action against the Defendant and that this action is a misuse of the legal system because the discovery process is being utilized to harass the Defendant. The Defendant further alleges that "Plaintiff continues to use the discovery process to harass, abuse and embarrass Defendant, including publicly filing embarrassing photographs and videos" because the Plaintiff seeks all private messages between the Defendant and her friends regarding the alleged sexual assault.
Thus, the Defendant's motion to dismiss the Defendant's Counterclaim Eight, for abuse of process, is DENIED. 
Any relief not specifically granted herein also is DENIED.Accordingly, it is
ORDERED, the Plaintiff's motion to dismiss is granted in part, and denied in part, as indicated herein above. 
It is so Ordered.
ENTER: 
DATED: September 3, 2024
Hon. Wayne M. Ozzi, J.S.C.

Footnotes

Footnote 1:This matter is sealed pursuant to PART 216 of the Rules of Court pursuant to a prior court order. Pseudonyms have been used for the names of both parties for the purposes of publication of this opinion.

Footnote 2:The Plaintiff made an argument to dismiss Counterclaim Two (Battery) based on a violation of the statute of limitations only (CPLR§ 3211(a)(5)). As such, the Plaintiff's motion to dismiss Counterclaim Two is denied.